**STATE of Missouri, Respondent,**

v.

**Sherri N. THENHAUS, Appellant.**

**No. ED 82236.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 23, 2003.

Steven R. White, Union, MO, for Appellant.

Ada Brehe–Krueger, Hermann, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Sherri Thenhaus (hereinafter, "Driver") appeals from the trial court's judgment convicting her of driving while revoked pursuant to Section 302.321 RSMo (Supp. 2002)[1] and sentencing her to two days incarceration. Driver brings one point on appeal challenging the sufficiency of the evidence.[2] We reverse.

The following evidence was adduced at trial: On July 9, 2002, Deputy Sheriff Willis Shackelford (hereinafter, "Officer") observed Driver operating a truck on Bowen Cemetery Road (hereinafter, "the road") in Gasconade County. Officer noticed the license plates on the truck were improper, and when Driver spotted Officer she turned the truck around, driving onto a dirt field road.

Officer stopped the truck, approached Driver, and asked her to produce a driver's license, which she was unable to do. Driver told Officer she lost her license a few weeks prior. Driver supplied Officer

---

1. All statutory references are to RSMo (Supp. 2002) unless otherwise indicated.

2. The State failed to filed a respondent's brief in this case.

with her name and birth date which Officer ran through the computer. Officer's computer check indicated Driver's license had been revoked. Officer issued Driver a traffic citation for driving while revoked.

During trial, the State offered into evidence a copy of Driver's driving record reflecting her license was revoked at the time she was stopped. At the close of the State's evidence, Driver made an oral motion for judgment of acquittal, arguing the State failed to prove whether the road where Driver was operating the vehicle was in fact a public road. Driver's counsel argued "in this instance you're talking about a county road, probably. I don't know if it's a county road or if it's a city one." Regardless, counsel argued there was no evidence introduced that the road had been dedicated for public use. The trial court overruled Driver's motion for acquittal, stating:

> [T]he Court will take judicial notice that the Court's impression was that was a public road. I will not take judicial notice that I know of any special dedication ordinance by the county. I can take judicial notice that area has been in use as a public road for, to my knowledge, at least twenty-five years, and I am sure longer than that.

Driver did not present any evidence after her motion was overruled. The trial court immediately found Driver guilty of driving while revoked and sentenced her to serve two days incarceration at the county jail. Driver appeals.

■■■ The sufficiency of the evidence in a court-tried criminal case is determined by the same standard as in a jury-tried case. *Heard v. State*, 41 S.W.3d 28, 29 (Mo.App. E.D.2001). In considering whether the evidence is sufficient to support the jury's verdict, we must look to the elements of the crime and consider each in turn to determine whether a reasonable juror could find each of the elements beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993)(*citing State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989)). Therefore, under the *Dulany* standard, we are required to take the evidence in the light most favorable to the State and grant the State all reasonable inferences from the evidence, disregarding all contrary inferences. *Dulany*, 781 S.W.2d at 55.

■ Driver's sole point on appeal challenges the sufficiency of the evidence with respect to whether the State proved beyond a reasonable doubt that she was operating a motor vehicle on a highway at the time she was stopped. Driver argues there was insufficient evidence in the record to prove the road was a public road or highway as required by Section 302.321.1. Driver also claims the trial court could not take judicial notice of the fact that the road had been used as a public road for the preceding twenty-five years.

Section 302.321.1 states:

> A person commits the crime of driving while revoked if he [or she] operates a motor vehicle on a highway when his [or her] license has been canceled, suspended or revoked under the laws of this state or any other state and acts with criminal negligence with respect to knowledge of the fact that his [or her] driving privilege has been canceled, suspended or revoked.

Therefore, in order to convict Driver of driving while revoked, the State must prove beyond a reasonable doubt that her license had been revoked, she acted with criminal negligence with respect to knowledge of the fact that her driving privilege had been revoked, and she was operating a motor vehicle on the highways of the State while her license was revoked. *See State v. Willis*, 97 S.W.3d 548, 557 (Mo.App.

W.D.2003). Driver only disputes whether the State proved beyond a reasonable doubt that she operated her truck on a highway.

Section 302.010(6) defines "highway" as "any *public* thoroughfare for vehicles, including state roads, county roads, and public streets, avenues, boulevards, parkways, and alleys in any municipality." (Emphasis added). The record reflects the only reference to the road Driver was operating the truck on was the testimony by Officer that she was spotted driving on the road. The State did not adduce any further evidence with respect to whether the road was in fact a "highway" as defined by Section 302.010(6). Moreover, Driver raised a timely objection to this lack of evidentiary proof by way of motion for judgment of acquittal which was overruled by the trial court.

Further, the trial court could not take judicial notice of the character of the road or whether it has been in use as a public road because this is a question of fact to be determined by evidentiary proof. *See, generally, Kleeman v. Kingsley*, 88 S.W.3d 521, 523 (Mo.App. S.D.2002). As such, the State failed to prove beyond a reasonable doubt an essential element of the offense of driving while revoked. *Willis*, 97 S.W.3d at 557. Therefore, we grant Driver's point, reverse the trial court's judgment, and vacate Driver's conviction.

BOOKER T. SHAW, P.J., and LAWRENCE G. CRAHAN, J., concur.