

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SC94526 |
| | ) | |
| CHRISTOPHER C. CLAYCOMB, | ) | |
| | ) | |
| Appellant. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF CLINTON COUNTY**
The Honorable J. Bartley Spear, Jr., Judge

*Opinion issued June 30, 2015*

Christopher Claycomb appeals his conviction for felony criminal nonsupport under section 568.040.[1] Mr. Claycomb argues that the evidence was insufficient to support a finding of guilt of criminal nonsupport because (1) the State failed to present any evidence of what constituted "adequate support" and (2) the State failed to prove that Mr. Claycomb did not provide adequate support by providing direct, in-kind support, such as food, clothing, medicine, or lodging.

Although Mr. Claycomb did not file a motion for new trial or otherwise raise his sufficiency claim below, a claim that there is insufficient evidence to sustain a criminal conviction is preserved for review without regard to whether it was raised below. *Rule 29.11(e)(2).*

---

[1] Unless otherwise indicated, statutory citations refer to RSMo 2000.

On the merits, this Court rejects Mr. Claycomb's claim that the State presented no evidence as to what would constitute adequate support. The State presented evidence that Mr. Claycomb provided no direct monetary support for his child during the relevant time period although subject to a child support order. While a child support order is not conclusive evidence of what constitutes adequate support, it is some evidence of what is adequate. Further, the provision of no support is evidence of inadequate support.

This Court also rejects Mr. Claycomb's argument that the State must present evidence of a lack of in-kind support in order to make a prima facie case of lack of support under section 568.040. He cites no authority for the proposition that the State must prove a negative, and to so hold would be inconsistent with the long-settled principle that the State need not negate every inference of innocence to make a prima facie case. While Mr. Claycomb was free to present evidence of adequate in-kind support, he presented no evidence that he provided any in-kind support, much less adequate in-kind support. This Court affirms.

I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Mr. Claycomb and his wife had a son, T.C. In 2004, the marriage was dissolved. The judgment of dissolution required that Mr. Claycomb pay child support in the amount of $247 per month. On June 18, 2009, the State charged Mr. Claycomb with the class D felony of criminal nonsupport under section 568.040 because he:

> [K]nowingly failed to provide, without good cause, adequate food, clothing, lodging and adequate medical attention for his minor child, [T.C.], for whom [Mr. Claycomb] was legally obligated to provide such support, in that during said time [Mr. Claycomb] failed to pay any child support in each of six (6) individual months within the 12 month time period August

1, 2005 to July 31, 2006.

At Mr. Claycomb's bench trial, the State presented record evidence that, while Mr. Claycomb made the required child support payments for the first year after the dissolution, he stopped making payments from October 2005 until September 2006. The ex-wife testified that T.C. lived with her during the 12-month period from August 1, 2005, to July 31, 2006, and that Mr. Claycomb missed more than six monthly child support payments during that period. The ex-wife also testified that Mr. Claycomb did not make any direct payments to her during that time though she believed he was able to do so, stating:

> Q. Now, during the time period from August 1st of 2005 to July 31st of 2006 did the defendant pay you child support each month during that time period?
>
> A. No.
>
> Q. And did he, in fact, miss more than six months out of that 12-month time period?
>
> A. Yes.
>
> Q. And during that time period did he make any direct payments to you for any sort of food, clothing, or lodging for the minor child?
>
> A. No.
>
> Q. And are you aware of anything that would have prevented him -- either physically or mentally, during that time period of August 1st, 2005, to July 31st, 2006, that would have prevented him from being able to pay you child support?
>
> A. No.

Mr. Claycomb testified in his own defense that he did not remember whether he

worked between August 2005 and July 2006 but thought that he worked construction. Mr. Claycomb testified that he also worked in a bar owned by his girlfriend but said he did not receive a wage for that work. When asked about his child support payment history, Mr. Claycomb said that he "caught all that up" later in 2006 and was "paid up in full up until 2007 – July of 2007," at which point he became unable to work because his "brain bled out" and he developed a seizure disorder.

The records do reflect that, in September 2006, Mr. Claycomb made a $2,964 back payment that satisfied in full the payments he had missed during the 12-month period from August 1, 2005, to July 31, 2006. But Mr. Claycomb admitted that he had missed payments during the time period set out in the information from August 2005 through July 2006:

Q. And you stated that you paid your child support in full up until 2007; is that correct?

A. Yes, ma'am.

Q. And if the records reflect that you didn't pay in full, are you stating that the –

A. I got behind, but I caught all that up and I was paid in full.

Q. So what you're stating is there were months where you did not pay but you later paid?

A. Yes, ma'am.

Mr. Claycomb did not testify about any illness or injury that affected his ability to provide support during the August 2005 through July 2006 period during which the

4

information charged he had failed to support his child.[2] Mr. Claycomb was not asked by the prosecution or by his own counsel whether he provided in-kind support, and the record is devoid of evidence that he did so.

The trial court found Mr. Claycomb guilty of the class D felony of criminal nonsupport. The trial court sentenced Mr. Claycomb to four years' imprisonment, suspended execution of the sentence, and placed Mr. Claycomb on five years' probation. Mr. Claycomb appeals. Following an opinion by the court of appeals, this Court granted transfer. *Mo. Const. art. V, § 10.*

## II.     STANDARD OF REVIEW

Mr. Claycomb argues that he did not need to raise his claim of insufficiency of the evidence below to preserve it or, alternatively, that a claim of insufficiency of the evidence to support the conviction always should be reviewed for plain error. Mr. Claycomb is correct that his claim that the evidence was insufficient to support his conviction is preserved on appeal even if not raised or not timely raised in the trial court. Rule 29.11(e) is applicable in the circumstances of this case, a court-tried criminal case:

> [A] motion for new trial is not necessary to preserve any matter for appellate review. If a motion for new trial is filed, *allegations of error to be preserved for appellate review must be included in a motion for new trial except for questions as to the following: … [t]he sufficiency of the evidence to sustain the conviction.*

(Emphasis added.)     To the extent that some decisions of the Missouri court of appeals incorrectly state that a sufficiency claim is not preserved and can be reviewed only for

---

[2] Although Mr. Claycomb says he later "caught up" his deficiency, this is not a defense as a child's need for adequate food, clothing, housing and medicine is continuous and

plain error if not included in a motion for new trial,[3] they are overruled because they are inconsistent with Rule 29.11 and should no longer be followed.[4]

Similarly, this Court long has held that sufficiency claims are considered on appeal even if not briefed or not properly briefed in the appellate courts. *See, e.g.*, *State v. Withrow, 8 S.W.3d 75 (Mo banc 1999)*. To the extent that *Withrow* and similar cases have so held, they are correct. But, to the extent that these courts reach this result by reasoning that an inadequately briefed claim of insufficiency of the evidence will be considered under plain error but that a court is mandated to find that it constitutes plain error, these cases unnecessarily convolute the review process.[5] Sufficiency of the evidence is reviewed on the merits, not as plain error. To the extent *Withrow* and other cases utilize a plain error analysis, they are no longer to be followed.

In reviewing a claim that there was not sufficient evidence to sustain a criminal conviction, this Court does not weigh the evidence but, rather, "accept[s] as true all

---

cannot await a later "catching up."

[3] *See, e.g.,* including but not limited to *State v. Jones, 172 S.W.3d 448, 451 (Mo. App. 2005)*, and *State v. Dixon, 70 S.W.3d 540, 544 (Mo. App. 2002)*.

[4] Rule 29.11(d)(3) similarly provides in relevant part: "In jury-tried cases, allegations of error to be preserved for appellate review must be included in a motion for new trial except for questions as to the following: … [t]he sufficiency of the evidence to sustain the conviction." No rule requires the filing of a motion for judgment of acquittal in a court-tried case. Rule 27.07 provides for the filing of a motion for judgment of acquittal in a jury-tried case, although even then Rule 27.07(c) provides that the court may enter a judgment of acquittal on its own motion based on insufficiency of the evidence and that no motion for judgment of acquittal needs to be filed prior to the submission of the case in order for a defendant to seek a judgment of acquittal after the verdict.

[5] *See, e.g.,* including but not limited to *State v. Self, 155 S.W.3d 756, 762-63 (Mo. banc 2005)* (applying *Withrow* and finding that the evidence was insufficient); *State v. Whalen, 49 S.W.3d 181, 184 (Mo. banc 2001)* (accord); *State v. McClunie, 438 S.W.2d 267, 268 (Mo. 1969)* (pre-*Withrow* case applying similar analysis).

6

evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences." *State v. Latall, 271 S.W.3d 561, 566 (Mo. banc 2008)*; *State v. Reed, 181 S.W.3d 567, 569 (Mo. banc 2006).* This Court "asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty." *Latall, 271 S.W.3d at 566.*

## III. THE EVIDENCE WAS SUFFICIENT TO SUPPORT MR. CLAYCOMB'S CONVICTION

"Every parent has a legal obligation to provide for his or her children regardless of the existence of a child support order." *Reed, 181 S.W.3d at 570.* "Proof of the relationship of parent to child is sufficient to establish a prima facie basis for a legal obligation of support." *Id.* Section 568.040 governs criminal nonsupport of that child. Section 568.040's purpose "is to compel recalcitrant parents to fulfill their obligations of care and support; the purpose is not to enforce court-ordered child support obligations." *Id.* The version of section 568.040 in effect at the time of Mr. Claycomb's offense stated:

1. . . . [A] parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child or stepchild who is not otherwise emancipated by operation of law.

2. For purposes of this section:
. . . .
(3) "Support" means food, clothing, lodging, and medical or surgical attention;
. . . .

4. Criminal nonsupport is a class A misdemeanor, unless the person obligated to pay child support commits the crime of nonsupport in each of six individual months within any twelve-month period, or the total arrearage is in excess of five thousand dollars, in either of which case it is a class D felony.

7

Therefore, a parent commits the crime of nonsupport if he or she: (1) knowingly fails to provide, (2) without good cause, (3) adequate support (4) that such parent is legally obligated to provide for his or her child or stepchild.

Mr. Claycomb raises two related arguments challenging the sufficiency of the evidence supporting his conviction. First, he asserts that the State failed to prove what constitutes adequate support under the statute because it failed to present evidence as to the amount of T.C.'s medical needs and the cost of T.C.'s necessary food, clothing and shelter. Missouri law is well-settled that "a complete failure to pay child support is evidence of failure to pay adequate support." *State v. Holmes, 399 S.W.3d 809, 815 (Mo. banc 2013)*; *accord, State v. Morovitz, 867 S.W.2d 506, 509 (Mo. banc 1993)* (evidence regarding defendant's failure to make decretal support payments for two years, while not conclusive of guilt, was relevant to question of legal obligation to pay support). Further, while Mr. Claycomb is correct that "a child support order is not conclusive regarding what constitutes adequate support," it is some evidence of what constitutes adequate support. *Holmes, 399 S.W.3d at 815.*[6] Here, the State presented evidence that Mr. Claycomb was under a child support order to pay support and that Mr. Claycomb

---

[6] *Accord, State v. Reed, 181 S.W.3d 567, 570 (Mo. banc 2006)* ("[T]he existence of a child support order is merely evidence of what constitutes 'adequate support'"); *State v. Sellers, 77 S.W.3d 2, 4-5 (Mo. App. 2002)* ("[A] child support order provides some evidence of what is adequate support"; evidence defendant never provided direct financial support and only sporadically provided the children with in-kind help "constituted sufficient evidence that [the defendant] failed to provide adequate support to her children"); *State v. Davis, 675 S.W.2d 410, 416 (Mo. App. 1984)* ("Here the state proved [the defendant] didn't provide a penny, but had financial assets well establishing his ability to support his son. In addition the support order provided some evidence of what was 'adequate'").

completely failed to provide any financial support. This was some evidence of what constitutes adequate support.

Second, Mr. Claycomb argues that, even if the State proved that he failed to provide any direct monetary support and failed to make any of his required child support payments for the statutory period, the State was required to present additional evidence that he failed to provide adequate in-kind support. In the absence of such evidence, he argues, the State failed to show criminal nonsupport under section 568.040. The State counters that it did present evidence sufficient to make a prima facie case of felony criminal non-support.

Section 568.040 makes the failure to support one's child for six or more months in a 12-month period, although able to do so, a class D felony. Mr. Claycomb was charged with failing to provide adequate support for his child during at least six of the 12 months between August 1, 2005, to July 31, 2006. Here the State presented evidence that Mr. Claycomb was subject to a child-support order to pay $247.00 per month, that he paid $247 per month until September 2005, but that he failed to make any further child support payments or direct payments for the next 12 months. Moreover, his ex-wife testified that Mr. Claycomb did not pay the mandated child support amount during this period and that he did not during that time period make any direct payments "for any sort of food, clothing, or lodging for the minor child."

Mr. Claycomb concedes that, through the above-noted evidence, the State proved that for a 10-month period that fell in the 12-month period of August 1, 2005, to July 31, 2006, he neither paid child support nor made direct monetary payments to his ex-wife for

9

the support of T.C.  He implicitly acknowledges that if the only issue were monetary payments, the above evidence would be sufficient to make out a prima facie case on these facts.[7]  But he argues that this evidence was insufficient to make a prima facie case of criminal nonsupport here because the State also was required to present evidence that Mr. Claycomb did not provide in-kind support.  Mr. Claycomb argues that because no witness addressed the issue of in-kind support in their testimony, and neither party submitted record evidence regarding in-kind support, the State failed to present sufficient evidence to sustain a conviction for felony criminal nonsupport.  This Court disagrees.

Although under section 568.040 the State "has the burden of proving every element of a crime beyond a reasonable doubt," *State v. Seeler, 316 S.W.3d 920, 925 (Mo. banc 2010)*, Mr. Claycomb cites no cases, either in Missouri or elsewhere, placing the burden on the State to present evidence that negates the possibility that the defendant provided in-kind support in an amount constituting adequate support for the child.  In effect, Mr. Claycomb argues this Court should readopt the "equally valid inferences" rule under which, if the factfinder could draw two, equally valid inferences from the evidence, one consistent with guilt and the other with innocence, the State has failed to meet its burden of proof.  But this Court rejected the "equally valid inferences" rule in *State v. Chaney, 967 S.W.2d 47, 54 (Mo. banc 1998).*  That case specifically holds that, to make a prima facie case, the State does not have "an affirmative duty to disprove every

---

[7] Had the evidence shown that Mr. Claycomb provided substantial monetary or other support for T.C. and the question was whether that support was adequate to meet the child's needs, more specific evidence as to the child's needs might well have been required.

reasonable hypothesis except that of guilt." *Id.*

In addition, it is self-evident that such a requirement would be unworkable. Requiring the State to present evidence of a negative – that a parent did not provide food or clothing on occasion, or quantifying when such support totals an amount adequate to meet a child's needs – is unreasonable. Knowledge about whether such in-kind support was provided most often would be in the hands of the parent charged with non-support. Indeed, the State would have difficulty locating evidence of in-kind support because, by its nature, it is not normally reflected in records and because the person most likely to be aware of it, the defendant, is not required to testify. While, in some instances, the child may be old enough to testify or the other parent might be in a position to negate the provision of in-kind support, in other cases the child or other parent may not be in a position to know who provided what support or to accurately quantify that support.[8] Further, a child may not always be legally available to testify or might be subject to unnecessary distress by being required to testify against the child's non-supportive parent. Section 568.040 does not mandate such testimony in order for the State to make a prima facie case of criminal non-support.

For these reasons, this Court holds that while evidence that the charged parent did provide in-kind support would be relevant and admissible, it is not the State's burden to introduce it to make a prima facie case where, as here, the State presented evidence that Mr. Claycomb failed to make any direct or child support payments. This is not unjust,

---

[8] Although Mr. Claycomb and his ex-wife testified here and could have been asked directly whether he provided in-kind support, that would not always be the case.

for evidence of in-kind support would be most available to the charged parent, while it would often be difficult or impossible for the State to prove a negative.

Evidence was presented that Mr. Claycomb provided no monetary support of any kind during the charged time period. While Mr. Claycomb would have been entitled to present evidence that he provided in-kind support that was adequate to meet T.C.'s needs, he failed to present any evidence of in-kind support at all. While this Court agrees with Mr. Claycomb that it would have been simpler had the State simply asked T.C.'s mother or Mr. Claycomb whether he provided any in-kind support and, if so, how much, such an inquiry was not required in order for the State to make out its prima facie case. The trial court, as the factfinder below, was entitled to draw an inference from the evidence presented that Mr. Claycomb failed to provide adequate support to T.C. for at least six of the 12 months specified in the information.

## IV.    CONCLUSION

Rule 29.11(e)(2)(C) provides that, to preserve a claim that the evidence was insufficient to support the conviction, a criminal defendant is not required to file a motion for new trial or to include a sufficiency claim in a motion for new trial if one is filed. Therefore, this Court reviews Mr. Claycomb's claims on the merits. But this Court rejects Mr. Claycomb's argument that the State must show that a parent failed to provide adequate in-kind support for his child to make a prima facie case of criminal non-support. Here, the evidence was sufficient to show that Mr. Claycomb made no direct payments and failed to make court-ordered child support payments. That was adequate to make a prima facie case that Mr. Claycomb failed to provide adequate support for his child, T.C.

12

The judgment of the trial court is affirmed.

_____
**LAURA DENVIR STITH, JUDGE**

Russell, C.J., Fischer, Wilson, JJ, concur;
Breckenridge, J., concurs in part and dissents in
part in separate opinion filed; Draper and Teitelman,
JJ, concur in opinion of Breckenridge, J.

13