

# Missouri Court of Appeals

### Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD34170 |
| | ) | |
| LARRY DEAN MOORE, | ) | **Filed: Oct. 11, 2016** |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

Honorable Michael O. Hendrickson

**AFFIRMED**

Larry Dean Moore ("Defendant") challenges his conviction after a bench trial for failing to register as a sexual offender. *See* section 589.425.1.[1] Defendant's point on appeal claims "the evidence did not prove" that he had changed his residence and then "knowingly failed to register a change of residence within the required three days." Finding no merit in this claim, we affirm.

---

[1] Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2013.

**Applicable Principles of Review and Governing Law**

We review the sufficiency of the evidence in a court-tried criminal case "by applying the same standard used in a jury-tried case." **State v. Holman**, 230 S.W.3d 77, 82 (Mo. App. S.D. 2007).

> Appellate review of sufficiency of the evidence is limited to whether the State has introduced sufficient evidence from which a reasonable juror could have found each element of the crime beyond a reasonable doubt. *State v. Nash*, 339 S.W.3d 500, 508–09 (Mo. banc 2011). This Court does not reweigh the evidence but, rather, considers it in the light most favorable to the verdict and grants the State all reasonable inferences. *Id.* at 509. Contrary evidence and inferences are disregarded. *Id.* The Court may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences.

**State v. Hunt**, 451 S.W.3d 251, 257 (Mo. banc 2014).

A person convicted of certain offenses including "a felony offense of chapter 566" or an offense requiring registration under federal law, is required to "register with the chief law enforcement official of the county" in which that person resides. Section 589.400.1(1), (7), and .2. If a person required to register as a sexual offender

> changes such person's residence or address to a different county . . . the person shall appear in person and shall inform both the chief law enforcement official with whom the person last registered and the chief law enforcement official of the county . . . having jurisdiction over the new residence or address in writing within three business days of such new address[.]

Section 589.414.2. "[T]he obligation to report a change of residence encompasses an obligation to report any temporary or permanent change in the place where an offender is actually living or dwelling." **State v. Younger**, 386 S.W.3d 848, 855 (Mo. App. W.D. 2012).

The elements of the crime of failing to register as a sexual offender are: "(1) Defendant was required to register under Sections 589.400 to 589.425; (2) Defendant

changed his residence; (3) Defendant did not inform [the chief law enforcement official] of the change within three days of the change; and (4) Defendant acted knowingly." *State v. Jacobs*, 421 S.W.3d 507, 513 (Mo. App. S.D. 2013) (en banc).  The "knowingly" *mens rea* applies both to the individual's change of residence and failure to notify the proper authorities of the change.  *Younger*, 386 S.W.3d at 858.

### The Evidence

The State's amended information charged "that between September 5, 2014 and September 17, 2014, [Defendant] knowingly failed . . . to notify the Sheriff of Polk County of his new address in person and in writing within three business days of moving from . . . Bates County to . . . Polk County, his new address."  This summary of the evidence relevant to that charge is in keeping with the requirement that we view it in the light most favorable to the State.  *See Hunt*, 451 S.W.3d at 257; *Holman*, 230 S.W.3d at 83.

In 1994, Defendant was convicted of forcible rape in Dallas County.  *See* section 566.030.1, RSMo 1994.  A "MISSOURI STATE HIGHWAY PATROL **MISSOURI SEX OFFENDER REGISTRATION**" form, received into evidence as State's Exhibit 4, documented Defendant's registration while residing in Rich Hill, Bates County, in June 2014 ("the Bates County form").  The fourth page of the Bates County form was signed by Defendant, and it included numbered paragraphs notifying Defendant of various duties and restrictions resulting from his previous conviction of a sex offense.

Paragraph 3 of that form states:

I understand that I must register within (3) business days each time that I change my name, residence, employer, or student status.  If at any time I change my address of residence, employment, or student status to a different county, state or the City of St. Louis, I must appear in person to

3

the chief law enforcement officer where I am currently registered or where I plan to reside within (3) business days. If I obtain a new online identifier, I must report such information to the registering Chief Law Enforcement Official before using the identifier. (589.414, RSMo)

Jamie Page, an administrative assistant to the Bates County Sheriff, testified that her duties included registering sex offenders. She testified that Defendant received a copy of the Bates County form, which was the last registration on file in the sheriff's office for Defendant.

On September 17, 2014, Defendant registered at the Polk County Sheriff's Office as a sexual offender and indicated on the registration form ("the Polk County form") that he had previously resided in Bates County. The deputy in charge of registering sexual offenders, Ron Lovell, testified that Defendant had not registered in Polk County prior to September 17, 2014. While Defendant was still at the sheriff's office, a detective, Jarle Randall, contacted Defendant and interviewed him after Defendant signed a "WAIVER OF RIGHT TO REMAIN SILENT AND RIGHT TO ADVICE OF COUNSEL" form. A video recording of the interview was admitted into evidence. During the interview, Defendant stated that he and a friend, Richard, had loaded a truck with furniture and mattresses from Defendant's home, and they transported the belongings to Humansville. Defendant said he moved from Rich Hill because he "knew that they was [sic] going to take [his] house" and someone had "bought it for taxes[.]"

Defendant said he had been staying with a woman in Humansville for a while because his own residence in Humansville was not ready. Richard and his girlfriend also stayed with Defendant for "about a week, maybe a little bit more[,]" after Richard helped Defendant transport his belongings to Humansville. Defendant told the detective that a

4

third woman had stayed with him at his place in Humansville for about three days to a week while Richard was "wanting his woman."

On September 23, 2014, the detective interviewed Defendant again after Defendant executed a second waiver of rights form. That interview was also recorded, and a copy was admitted into evidence as Exhibit 8. Defendant told the detective that he had no problems when he lived in Rich Hill, but he moved to start a new life.

After the State rested, the trial court denied Defendant's motion for judgment of acquittal, and Defendant did not present evidence. The trial court found Defendant guilty and sentenced him to three years in prison. This appeal timely followed.

**Analysis**

We understand Defendant's point to claim that the evidence adduced at trial was insufficient to support a finding that he knowingly changed his residence from Bates to Polk County and knowingly failed to register that change within 3 business days. Although Defendant acknowledges that our standard of review requires us to disregard evidence and reasonable inferences contrary to the finding of guilt, he then impermissibly urges us to consider such evidence.[2]

Defendant does not dispute that he was required to register as a sexual offender. The Polk County form is evidence that shows Defendant changed his residence from Bates to Polk County. In regard to the timing of that change, the trial court could take judicial notice that September 17, 2014 was a Wednesday, and that three prior business

---

[2] For instance, Defendant argues an inference favorable to him from Detective Randall's concession that it was possible that the move could have been on September 17, 2014 because the Polk County form did not inquire about the date of the actual move, and he points to other statements Defendant made to the detective that, in Defendant's view, indicate he had a "transitory living arrangement[.]" He then relies on his statement to the trial court at sentencing that "when [he] was directed by his parole officer to register . . . he voluntarily walked into the Polk County office to register[.]" Apart from the irrelevance of his post-trial explanation to the trial court about what prompted him to go register his new residence, the trial court did not have to credit any of this evidence or draw the inferences that Defendant prefers.

5

days would have been the previous Friday, September 12, 2014. *See State v. Barber*, 573 S.W.2d 77, 79 (Mo. App. K.C.D. 1978).

The trial court could find from Defendant's recorded interviews that he changed his residence before September 12, 2014 based upon Defendant's admission that he and Richard brought his truck loaded with belongings from Rich Hill to Humansville, and Richard's girlfriend stayed with them "about a week, maybe a little bit more[,]" before she left. Based upon Defendant's comment about Richard "wanting his woman," the trial court could find that a third woman stayed with Defendant between three days and a week *after* Richard's girlfriend had departed. From this evidence, the trial court could conclude that Defendant had moved to Humansville at least ten days before September 17, 2014.

Defendant argues that "[s]omeone who is 'staying' at multiple locations has not reached the point of having accomplished a 'change of residence[,]'" and he urges that adopting such a view would require someone to register on a daily basis. First, the trial court could have found that Defendant only temporarily stayed with a woman in Polk County before moving to his own Polk County residence. More importantly, Defendant was required to report a temporary change in the place where he was living or dwelling. *Younger*, 386 S.W.3d at 855.

Because direct proof is rarely available on the question of intent, it "is usually inferred from circumstantial evidence." *State v. Davis*, 407 S.W.3d 721, 724 (Mo. App. S.D. 2013) (quotation omitted). Here, there was sufficient circumstantial evidence from which the trial court could find that Defendant knew he had changed residences based upon his personal involvement in moving furniture and mattresses to Humansville, his

6

explanation that he was losing his residence in Bates County due to a tax-debt, and his statement that he intended to start a new life in Humansville. The trial court could also find that Defendant knew he had not registered within three days of changing residences based upon the notices in the Bates County form he had signed and his failure to register in Polk County during the time period leading up to his September 17, 2014 registration.

Defendant's point is denied, and the judgment of conviction and sentence is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

MARY W. SHEFFIELD, C.J. – CONCURS