GARY W. LYNCH, J.
Following a bench trial, Tony L. Faler ("Defendant"), was found guilty of possession of a controlled substance and possession of drug paraphernalia. See sections 195.202 and 195.233, respectively.[1] On appeal, Defendant argues "that the trial court could not reasonably infer that [Defendant] knew about the methamphetamine and drug paraphernalia[.]" Because Defendant's point has no merit, his conviction is affirmed.
Standard of Review
In reviewing a claim that there was not sufficient evidence to sustain a criminal *653 conviction, this Court does not weigh the evidence but, rather, accept[s] as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore[s] all contrary evidence and inferences. This Court asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty.
State v. Claycomb , 470 S.W.3d 358, 362 (Mo. banc 2015) (quotation marks and citations omitted).
Factual and Procedural Background
Defendant and Elaine Faler ("Wife") rented a storage unit on February 11, 2014. Eric Gottfried, a deputy with the Cole County Sheriff's Department and member of the COMET Drug Task Force, received and executed a search warrant for the storage unit on March 12, 2014. When Deputy Gottfried arrived at the storage unit, he found the entry door was locked, and he used bolt cutters to cut the lock. Inside a drawer of a dresser located immediately inside the door to the storage unit, Deputy Gottfried found drug paraphernalia, baggies with drug residue, and marijuana stems and seeds. Underneath the baggies, Deputy Gottfried found a legal document directed to Defendant by name. Next to the paraphernalia and drugs, Deputy Gottfried found an envelope addressed to Defendant. Deputy Gottfried "could smell the odor of burnt marijuana" and "knew marijuana had been used in the region of that storage recently." The residue in one of the baggies later tested positive as methamphetamine.
Defendant was charged with and found guilty of possession of a controlled substance and possession of drug paraphernalia. The court sentenced him to seven years' imprisonment in the Department of Corrections for possession of a controlled substance but suspended execution of that sentence and ordered Defendant placed on probation. The court also sentenced Defendant to 180 days in jail for possession of drug paraphernalia but suspended execution of that sentence as well and placed Defendant on probation. Defendant timely appeals.
Discussion
Defendant's sole point relied on states:
The trial court erred in overruling [Defendant's] motion for judgment of acquittal and sentencing him upon his conviction for possession of a controlled substance and possession of drug paraphernalia with intent to use, because this violated his right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution, and article I, section 10 of the Missouri Constitution, in that the trial court could not reasonably infer that [Defendant] knew about the methamphetamine and drug paraphernalia in the closed dresser drawer because the dresser was found in a storage locker rented by both [Defendant] and his wife, both [Defendant's] and his wife's personal items were found in the dresser in proximity to the drugs, only a few of [Defendant's] personal items were found in the dresser and the state's evidence showed that the items in the storage locker had been packed for moving and shifted from their original location.
Section 195.202 makes it "unlawful for any person to possess or have under his control a controlled substance." Section 195.233.1 makes it "unlawful for any person to use, or to possess with intent to use, drug paraphernalia[.]" "[P]ossessed" or "possessing a controlled substance" is defined as:
[A] person, with the knowledge of the presence and nature of a substance, has *654 actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint.
Section 195.010(34) (emphasis added).[2] The State does not contend that the facts support actual possession; we review only for constructive possession.
Proof of constructive possession requires:
[A]t a minimum, evidence that the defendant had access to and control over the premises where the [controlled substances] were found. Exclusive possession of the premises containing the [controlled substances] raises an inference of possession and control. When the accused shares control over the premises, as here, further evidence is needed to connect [the defendant] to the [controlled substances]. The mere fact that a defendant is present on the premises where the [controlled substances were found] does not by itself make a submissible case. Moreover, proximity to the contraband alone fails to prove ownership. There must be some incriminating evidence implying that the defendant knew of the presence of the [controlled substances], and that the [controlled substances] were under his control."
State v. Clark , 490 S.W.3d 704, 709-10 (Mo. banc 2016) (quoting State v. Withrow , 8 S.W.3d 75, 80 (Mo. banc 1999) ). "Mere presence of a controlled substance on premises owned or possessed by a defendant will not suffice to sustain a conviction for possession." State v. Smith , 33 S.W.3d 648, 653 (Mo. App. 2000).
Various additional incriminating circumstances have been held to raise an inference of knowledge and control in a case of joint possession of the premises: self-incriminating statements; consciousness of guilt; routine access to the place where the controlled substance is found; the commingling of the controlled substance with a defendant's personal belongings; a great quantity of the illegal substance at the scene; the substance in public view and access by defendant.
Id.
In his point, Defendant posits four reasons why the evidence was not sufficient to "reasonably infer that [Defendant] knew about the methamphetamine and drug paraphernalia in the closed dresser drawer." First, "the dresser was found in a storage locker rented by both [Defendant] and his wife." Second, "both [Defendant's] and his wife's personal items were found in the dresser in proximity to the drugs." Third, "only a few of [Defendant's] personal items were found in the dresser." And fourth, "the state's evidence showed that the items in the storage locker had been packed for moving and shifted from their original location." None of these reasons, however, support Defendant's premise. We address each reason, but for ease of analysis, do so out of order.
Defendant's third reason concedes that the comingling of his personal belongings with the controlled substance and paraphernalia in the drawer is an additional *655 incriminating circumstance that has been held to give rise to an inference of knowledge. See id. He seeks to minimize the import of this concession, however, by asserting that this evidence should be given little or no weight because "only a few of [Defendant's] personal items were found in the dresser." (Emphasis added). This assertion ignores the proximity of these items to the contraband and contravenes our standard of review, which prohibits us from weighing the evidence, Claycomb , 470 S.W.3d at 362. We review for the existence of evidence, not its weight. Id. How much weight to assign that evidence, whether few in number or voluminous, is reserved solely to the fact-finder. The comingling in the dresser drawer of Defendant's personal items in close proximity with the controlled substance and paraphernalia gives rise to a reasonable inference that Defendant possessed the methamphetamine and drug paraphernalia in that drawer. State v. Clark , 490 S.W.3d 704, 711 (Mo. banc 2016) (quoting Glover v. State , 225 S.W.3d 425, 428 (Mo. banc 2007) ); State v. Purlee , 839 S.W.2d 584, 588 (Mo. banc 1992) ; State v. Foulks , 72 S.W.3d 322, 326 (Mo. App. 2002).
As to his first reason-the dresser was found in a storage locker rented by both Defendant and his wife-it is true that joint control of the premises requires some further evidence or admission connecting the accused with the illegal drugs. Purlee , 839 S.W.2d at 588. The comingling of Defendant's personal items with the controlled substance and paraphernalia here, however, provides that further evidence of a connection to Defendant.
Defendant's second reason-both Defendant's and his wife's personal items were found in the dresser in proximity to the drugs-is a misapplication of our standard of review. Defendant asks us to consider evidence contrary to his finding of guilt when our standard of review requires us to ignore such evidence. Claycomb , 470 S.W.3d at 362.
Similarly, Defendant's fourth reason-evidence showed that the items in the storage locker had been packed for moving and shifted from their original location-misapplies our standard of review. Defendant urges us to draw an inference from the evidence that is contrary to his guilt. Our standard of review requires us to ignore contrary inferences. Id.
Defendant's argument claims license to contravene our standard of review and advocate the consideration of contrary evidence and inferences by referring to the "totality of the circumstances," the "totality of the evidence," and the "totality of the facts." While the opinions in several possession cases use similar language, it is employed within the context of our standard of review, not to modify or change that standard in any respect. See, e.g. , Clark , 490 S.W.3d at 707 ; Purlee , 839 S.W.2d at 587. In other words, in reviewing for sufficiency of the evidence, we look at the totality of the evidence and circumstances tending to prove guilt together with all reasonable inferences that support that finding. Id. We ignore contrary evidence and inferences. Id. Defendant's point is denied.
Decision
Defendant's convictions are affirmed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, JR., J.-concurs

References to section 195.202 are to RSMo Cum.Supp. 2013. References to section 195.233 are to RSMo 2000.

References to section 195.010 are to RSMo Cum. Supp. 2013.