

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
          )
   Plaintiff-Respondent, )
          )
v. )  Nos. SD36965
          )  Filed: February 21, 2023
MICHAEL PAUL SHANDS, )
          )
   Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable D. Blake Pearson, Associate Circuit Judge

### AFFIRMED

In June 2020, Michael Shands (Shands) was charged with the class E felony of failing to register a change of residence. *See* § 589.425; § 589.414.1(2); § 589.404.[1] The amended information alleged that Shands "knowingly failed to perform the duties required of a registered sex offender in that [Shands] failed to advise the Scott County Sheriff or Mississippi County Sheriff of [his] new address in person and in writing within three business days of moving to the City of East Prairie[.]" Shands waived his right to a jury trial, and a bench trial was conducted in October 2020. Shands was found guilty, and the

---

[1] All statutory references are to RSMo Cum. Supp. (2019), unless otherwise indicated. All rule references are to Missouri Court Rules (2022).

court imposed a three-year sentence in the Missouri Department of Corrections. On appeal, Shands argues that the evidence was insufficient to support his conviction. Finding no merit in that argument, we affirm.

**Factual and Procedural Background**

The trial court's findings have the force and effect of the verdict of a jury in a court-tried criminal case. Rule 27.01(b); *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2002). "Accordingly, the standard used to review the sufficiency of the evidence in a court-tried and a jury-tried criminal case is the same." *State v. Collins*, 570 S.W.3d 625, 626 (Mo. App. 2019) (citation omitted). "Sufficiency of the evidence is reviewed on the merits[.]" *State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015). Appellate review is limited to whether there was sufficient evidence from which the trier of fact reasonably "could have found each element of the crime beyond a reasonable doubt." *State v. Hunt*, 451 S.W.3d 251, 257 (Mo. banc 2014). In reviewing sufficiency of the evidence, we accept as true all evidence and inferences favorable to the State; all contrary evidence and inferences are disregarded. *Crawford*, 68 S.W.3d at 407-08. Viewed from this perspective, the following evidence was adduced at trial.

In 2002, Shands was convicted of endangering the welfare of a child in the first degree. *See* § 568.045 RSMo (2000).[2] He pled guilty to this offense, which was sexual in nature because the amended information alleged that Shands had unprotected sexual intercourse with a victim who was less than 17 years of age. In 2006, "endangering the welfare of a child under section 568.045, RSMo, when the endangerment is sexual in nature" was added as an offense requiring sex offender registration. 2006 Mo. Laws 350-

---

[2] The trial court admitted a certified copy of this conviction as Exhibit 1.

51, House Bill 1698, eff. June 5, 2006; § 589.400.1(2) RSMo Cum. Supp. (2006).[3]  As a

Tier III sex offender, Shands was required to register every 90 days.  *See* § 589.414.7(2)(d).

Shands had registered as a sex offender since 2009.  Since February 2015, Shands

registered as a sex offender with the Scott County Sheriff's Office (Sheriff's Office).  Each

time he registered, he filled out the mandatory Missouri Sex Offender Registration form.[4]

Since at least September of 2018, the "MISSOURI SEX OFFENDER NOTIFICATION"

was included on the fourth page of this form.  In relevant part, this notification stated:

> I understand that I shall register in person, within three business days, each
> time that I change my … residence ….
>
> If at any time I change my address of residence … to a different county …,
> I must appear in person to the Chief Law Enforcement officer where I am
> currently registered and where I plan to reside within (3) business days.
> ….
>
> As an offender who is required to register under Section 589.400 RSMo, I
> am hereby signing and acknowledging that I have been informed of my
> duties to register and all the information contained is accurate.

Shands was familiar with this form and had read it on previous occasions.  He had listed

his residence as the home of his uncle, which was located on 4th Street, Sikeston, Scott

County, Missouri (the Sikeston residence).  Because Shands had last registered in late

January 2020, he was required to update his registration by April 28, 2020.

---

[3]  Sections 589.400-.425 comprise the "Registration of Offenders (Megan's Law)[.]"  *See* § 589.400.1; ***State v. Younger***, 386 S.W.3d 848, 852 n.6 (Mo. App. 2012) (referring to §§ 589.400-.425 as the Missouri Sex Offender Registration Act, also known as "SORA").

[4]  This four-page form, identified as SHP-428M 09/18, is issued by the Missouri State Highway Patrol.

In late March or early April 2020, Shands went to East Prairie in Mississippi County for work. He was "tearing down a demolition trailer" to salvage the wood from it. He remained in East Prairie for about three weeks.

In April 2020, Jennifer Murray worked for the Sheriff's Office and supervised the sex offender registry, which included Shands' information. Because of travel restrictions due to the pandemic, Murray testified about working with offenders by telephone for purposes of sex offender registration:

> Q. All right. Now, I understand we've been dealing with a pandemic for the past few months.
>
> A. Yes, sir.
>
> Q. If there was any type of limitation on travel, anything like that, would [Shands] be able to call your office?
>
> A. Correct.
>
> Q. And, typically, would you all be able to work with him?
>
> A. Yes. We understand – we understand life happens. We try to be as flexible as we can. We will work with the offender to find out what accommodations can be met so that they can get in and register in a prompt, timely manner.

On April 27, 2020, Shands arrived at the Scott County jail to register. On the mandatory Missouri Sex Offender Registration form, he listed the Sikeston residence as his address. Shands signed his name at the bottom of the completed form.[5] At no time between late January 2020 and April 27, 2020, did Shands report any change of residence to the Sheriff's Office.

---

[5] The trial court admitted Shands' Missouri Sex Offender Registration form, with the attached Missouri Sex Offender Notification, into evidence as Exhibit 3.

While Shands was at the Scott County jail, Detective Eric Dunn contacted him in the lobby. According to Detective Dunn, Shands said he "had been staying in East Prairie due to working a demolition job for the last month." East Prairie is in Mississippi County, which is adjacent to Scott County. When Shands was asked why he didn't "contact either Scott or Mississippi County" to report where he had been staying, Shands said "he did not know he had to do either one of those." Another detective, who conducted a sex offender compliancy check on Shands' Sikeston residence a week earlier, similarly testified that Shands' uncle said Shands "hadn't been there in a month[.]"

**Discussion and Decision**

Presenting one point, Shands contends there was insufficient evidence from which the trial court could find that Shands failed to register a change of residence. This argument lacks merit.

"A person commits the crime of failing to register as a sex offender when the person is required to register under sections 589.400 to 589.425 *and fails to comply with any requirement of sections 589.400 to 589.425.*" § 589.425.1 (italics added). Shands was charged with violating § 589.425 by failing to register a change of "residence" as required by § 589.414.1(2), to a "different county" as required by § 589.414.4, which states in relevant part:

> If any person required by sections 589.400 to 589.425 to register changes such person's residence … to a different county …, the person shall appear in person and shall inform both the chief law enforcement official with whom the person last registered and the chief law enforcement official of the county … having jurisdiction over the new residence … in writing within three business days ….

§ 589.414.4. "[T]he obligation to report a change of residence encompasses an obligation to report any temporary or permanent change in the place where an offender is actually

5

living or dwelling." ***State v. Younger***, 386 S.W.3d 848, 855 (Mo. App. 2012); ***State v. Moore***, 508 S.W.3d 148, 150 (Mo. App. 2016). In 2018, § 589.404 was amended to statutorily define an offender's "residence" in the following way:

> **"Residence"**, any place where an offender sleeps for seven or more consecutive or nonconsecutive days or nights within a twelve-month period[.]

§ 589.404(5) RSMo Cum. Supp. (2018) (bold emphasis in original). Another applicable provision is in § 589.414.8, which states in relevant part:

> In addition to the requirements of subsections 1 to 7 of this section, all Missouri registrants who work … on a full-time or part-time basis … shall be required to report in person to the chief law enforcement officer in the area of the state where they work …. "Part-time" in this subsection means for more than seven days in any twelve-month period.

***Id***.

Reading all of these statutory provisions collectively, the State was required to prove the following elements of Shands' charged offense beyond a reasonable doubt: (1) Shands was required to register pursuant to the provisions of §§ 589.400-.425; (2) Shands changed his residence; (3) Shands failed to inform the chief law enforcement officers of Scott County and Mississippi County of his change of residence within three business days; and (4) Shands acted knowingly. *See **State v. Jacobs***, 421 S.W.3d 507, 513 (Mo. App. S.D. 2013) (en banc). "The 'knowingly' *mens rea* applies both to the individual's change of residence and failure to notify the proper authorities of the change." ***Moore***, 508 S.W.3d at 150; *see also **Younger***, 386 S.W.3d at 858.

After reviewing the record in the light most favorable to the trial court's finding of guilt, we conclude that the evidence was sufficient to prove the charged offense. First, the State proved that Shands had been convicted of an offense that required him to register as a sex offender. Second, the State proved that Shands changed his residence when he went

6

to East Prairie in Mississippi County for a month to perform demolition work.  Third, the State proved that Shands did not report that change of residence to the chief law enforcement officers of Scott or Mississippi Counties.  Fourth, the State proved that Shands acted knowingly because:  (a) Shands was aware of his obligation to report a change of residence within three business days to the proper law enforcement officers; and (b) he knew that he had been working in East Prairie for more than seven days.

Our conclusion on this issue is supported by the western district's analysis in *Younger*, which correctly explained what constitutes a change of residence as used in § 589.414:

> The word "residence" is used in both sections 589.414.1 and 589.414.2. Section 589.414.1 addresses an offender's "change of ... residence within the county ... at which the offender is registered." Section 589.414.2 addresses an offender's "change[ ] ... [of] residence or address to a different county."  In both cases, the word "residence" is used in connection with describing a statutory trigger for an offender's obligation to notify authorities of a change in previously reported information.

*Younger*, 386 S.W.3d at 855 (internal footnote omitted).  After *Younger* was decided, the word "residence" was statutorily defined to mean "any place where an offender sleeps for seven or more consecutive or nonconsecutive days or nights within a twelve-month period[.]"  § 589.404(5).  Therefore, Shands' "residence" changed on the seventh night he slept in East Prairie.  With that addition, the remainder of the analysis in *Younger* is equally applicable here:

> When we incorporate this plain meaning of the word "residence" into the phrase "change of residence" in the context of an offender's obligation to report, we necessarily conclude that the obligation to report a change of residence encompasses an obligation to report any temporary or permanent change in the place where an offender is actually living or dwelling. Applied to this case, Younger was obligated to report a change in his residence if the evidence established that for a period of time he was not actually living or dwelling at the registered address of 200 West 20th Street in Higginsville.

7

***Younger***, 386 S.W.3d 848, 855-56. The same is true of Shands. Because he was not actually living or dwelling at the registered Sikeston address during the month that he was working in East Prairie, he was obligated to report a change of residence to the appropriate law enforcement officers within three business days of the seventh night he slept in East Prairie. He failed to do so.

In so holding, we have considered Shands' argument that he timely and fully complied with his duties to register as a sex offender in Scott County on April 27, 2020, by listing the Sikeston residence on that date. According to Shands, he complied with his duty to register his "residence" as defined by § 589.404(5) because: (1) he had slept at the Sikeston residence more than seven days in a 12-month period; and (2) therefore, there was no change of residence to report. We disagree. The commission of Shands' offense was complete when he failed to report his change of residence to the chief law enforcement officers of Scott and Mississippi Counties within three business days after that change had occurred. The listing of the Sikeston residence on the April 27, 2020, registration form merely exposed the earlier offense to law enforcement.

Shands' point is denied, and the judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCUR

JENNIFER R. GROWCOCK, J. – CONCUR


8