

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
        )
    Plaintiff-Respondent, )
        )
vs. )    **No. SD37508**
        )
JOHN MARTIN HAMILTON, JR., )    **Filed: August 30, 2023**
        )
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF MCDONALD COUNTY

The Honorable Gregory N. Stremel, Judge

**AFFIRMED**

John Martin Hamilton, Jr. ("Mr. Hamilton") appeals the trial court's judgment convicting him of tampering with a victim in violation of section 575.270 following a jury trial in the Circuit Court of McDonald County.[1] The trial court sentenced Mr. Hamilton to six years' imprisonment. In his only point on appeal, Mr. Hamilton claims there was insufficient evidence at trial to support his conviction. The judgment is affirmed.

### Factual Background and Procedural History

On May 20, 2021, Mr. Hamilton went to the home of his father-in-law ("Victim's father") where his estranged wife ("Victim") and their three children were residing.

---

[1] All statutory references are to RSMo Cum. Supp. 2022, unless otherwise specified.

Victim's father heard Victim go outside and then scream, "Help me, Dad. Help me." Victim's father went onto the porch and saw Victim "zigzagging" around the yard while Mr. Hamilton chased her. Mr. Hamilton was striking Victim with a cord, which was later determined to be a phone charger. Mr. Hamilton left the residence when he saw Victim's father. Victim sustained injuries to her back and head, specifically her lower back at her waistline and behind her left ear.

Mr. Hamilton was charged with felony domestic assault.[2] He was arrested and placed in the Newton County Jail pending trial. While incarcerated on June 18, 2021, Mr. Hamilton called Victim on the jail telephone system using his personal jail phone code and asked, "bring it up yet?"[3] Victim responded she was "gonna go down" and "try to file the charges to be dropped." Mr. Hamilton told Victim, "If you do . . . if you do, listen, if you do I'll give you 500 bucks." Mr. Hamilton also stated, "If it works, I'll give you 500 bucks, I promise." There is no evidence that Victim ever made any attempt to have the charges against Mr. Hamilton dropped.[4]

Following that phone call, Mr. Hamilton was charged with felony tampering with a victim in violation of section 575.270. In a deposition prior to trial, Victim stated she would invoke her spousal privilege, pursuant to section 546.260, and would "not testify against" Mr.

---

[2] At the time of sentencing in this case, the domestic assault charge had not been tried.

[3] Inmate calls are recorded.

[4] Dan Haskins was the victim advocate with the Newton County Sheriff's Department assigned to Victim. Mr. Haskins testified that he gave Victim a "drop charges" form and informed her about the "victim class" required before submitting the form. Mr. Haskins never received a report that Victim had attended the required class. He also testified that Victim never filed a "drop charges" form.

Hamilton. A jury found Mr. Hamilton guilty of the charged offense.[5] The trial court sentenced Mr. Hamilton to six years' imprisonment.

## Standard of Review

Appellate review of a claim of insufficient evidence to support a jury verdict "is limited to determining whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Ware*, 447 S.W.3d 224, 227 (Mo. App. S.D. 2014). This Court views the evidence before the jury, and all reasonable inferences drawn therefrom, in the light most favorable to the verdict and all evidence contrary to the verdict is disregarded. *Id.*

> "In reviewing a claim that there was not sufficient evidence to sustain a criminal conviction, this Court does not weigh the evidence but, rather, accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences. This Court asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty."

*State v. Plopper*, 489 S.W.3d 848, 849 (Mo. App. S.D. 2016) (quoting *State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015)).

## Analysis

Mr. Hamilton argues in his sole point on appeal that the evidence was insufficient to support the judgment convicting him of tampering with a victim. Specifically, Mr. Hamilton contends there was insufficient evidence from which any rational juror could find beyond a reasonable doubt that Mr. Hamilton purposely prevented or dissuaded Victim from assisting in his prosecution in that Victim had an absolute right to exercise her spousal privilege as provided in section 546.260.

---

[5] Trial began January 20, 2022, that resulted in a mistrial. A second trial, resulting in the judgment and sentence from which Mr. Hamilton appeals, was held on February 16, 2022.

3

Section 575.270 provides:

1.  A person commits the offense of tampering with a witness or victim if:

(1) With the purpose to induce a witness or a prospective witness to disobey a subpoena or other legal process, absent himself or herself, avoid subpoena or other legal process, withhold evidence, information, or documents, or testify falsely, he or she:
(a) Threatens or causes harm to any person or property; or
(b) Uses force, threats or deception; or
(c) Offers, confers or agrees to confer any benefit, direct or indirect, upon such witness; or
(d) Conveys any of the foregoing to another in furtherance of a conspiracy; or

(2) He or she purposely prevents or dissuades or attempts to prevent or dissuade any person who has been a victim of any crime or a person who is acting on behalf of any such victim from:
(a) Making any report of such victimization to any peace officer, state, local or federal law enforcement officer, prosecuting agency, or judge;
(b) Causing a complaint, indictment or information to be sought and prosecuted or assisting in the prosecution thereof;
(c) Arresting or causing or seeking the arrest of any person in connection with such victimization.

2.  The offense of tampering with a witness or victim is a class A misdemeanor, unless the original charge is a felony, in which case tampering with a witness or victim is a class D felony.  Persons convicted under this section shall not be eligible for parole.

Section 575.270.

Section 546.260 codifies the spousal privilege in Missouri.  Section 546.260 sets forth in pertinent part:

1. No person shall be incompetent *to testify* as a witness in any criminal cause or prosecution by reason of being the person on trial or examination, or by reason of being the husband or wife of the accused, but any such facts may be shown for the purpose of affecting the credibility of such witness; provided, that no person on trial or examination, nor husband or wife of such person, shall be required to testify, but any such person may testify at his or her option either on behalf of or against the defendant, and shall be liable to cross-examination, as to any matter referred to in his examination in chief, and may be contradicted and impeached as any other witness in the case; provided, that in no case shall husband or wife, when testifying under the provisions of this section, be permitted to disclose confidential

4

communications had or made between them in the relation of such husband and wife.

Section 546.260.1 (emphasis added).

Mr. Hamilton offered Victim $500 if she would "try" and file the necessary form requesting the prosecutor's office drop the domestic assault charge against him. A rational juror could find Mr. Hamilton's offer was an attempt to dissuade Victim from assisting in the prosecution of the charge against him. Section 575.270.1(2); *see also **Trimble v. State***, 693 S.W.2d 267, 273 (Mo. App. W.D. 1985) (payment of money, regardless of how little, is a benefit for purposes of section 575.270.1(1)). For this reason alone, there is sufficient evidence to support the judgment convicting Mr. Hamilton of tampering with a victim.

Despite this, Mr. Hamilton argues a different angle – that the spousal privilege set forth in section 546.260 absolutely negates an element of the statutory offense of tampering with a victim. Mr. Hamilton asserts Victim "had an absolute right to refuse to testify against [Mr. Hamilton] as his spouse, irrespective of anything [Mr. Hamilton] may or may not have done to prevent or dissuade her testimony" and "[a]ccordingly, where no person could compel [Victim's] participation in [Mr. Hamilton's] prosecution, there was no legitimate basis by which anyone could be said to tamper with her testimony for the purpose of preventing her participation."

Mr. Hamilton's argument ignores the fact that an offense under section 575.270 does not require that Mr. Hamilton actually prevented or dissuaded Victim from assisting in his prosecution. Section 575.270.1(2) only requires that Mr. Hamilton *attempted* to prevent or dissuade Victim from assisting in the prosecution's case against him. To give any weight to Mr. Hamilton's argument would result in a determination that a defendant can never be found to have tampered with a witness or victim who is his or her spouse. This Court refuses to read that intent into the statute. This Court will not ignore "common sense or evident statutory purpose" in

5

construing section 575.270. ***State v. Hedge***, 793 S.W.2d 478, 480 (Mo. App. E.D. 1990); *see also* ***State v. McLaughlin***, 988 S.W.2d 542, 545 (Mo. App. E.D. 1999).

> Anything which obstructs the procurement of witnesses, or, once procured, which hinders their freedom and willingness to speak the truth before any court or body charged with the enforcement of our laws, civil or criminal, is an offense against the administration of justice and is within the contemplation of Chapter 575.

***Hedge***, 793 S.W.2d at 480. If the legislature had intended that the offense of tampering with a witness or victim is inapplicable to a spouse it would have stated so. *See* ***McLaughlin***, 988 S.W.2d at 545 (holding that if the legislature had intended to require the State to prove that the information sought to be suppressed was or would be material, it presumably would have set forth such a requirement in the statute, as it has for other crimes, and to "judicially engraft a materiality requirement would be inconsistent with the recognized purpose of the statute").

Furthermore, Mr. Hamilton's argument on appeal is misguided. Mr. Hamilton's argument focuses entirely on the legal impossibility of committing the offense of tampering with a victim given the spousal privilege set forth in section 546.260, which provides for spousal immunity from testifying against a spouse at trial. There is no evidence, or argument, that Mr. Hamilton attempted to prevent or dissuade Victim from testifying at his trial. Rather, the evidence adduced at trial was that Mr. Hamilton offered Victim $500 to try and get the charges against him dropped, not to forego testifying against him at trial. Also, Mr. Hamilton concedes there was sufficient evidence to establish Victim was, in fact, "the victim of the offense of third-degree domestic assault and that [Mr. Hamilton] offered [Victim] 500 dollars if she would drop the charges against her [sic]." This concession is sufficient to satisfy the requirements of section 575.270. The evidence before the jurors was sufficient for them to find Mr. Hamilton guilty.

Mr. Hamilton's point on appeal is without merit. The trial court's judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

GINGER K. GOOCH, J. – CONCURS