

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,       )
                                )
           Respondent,      )
                                )
    vs.                        )    No. SD33140
                                )    Filed: January 16, 2015
WILLIAM WILDER,         )
                                )
           Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

Honorable R. Craig Carter, Circuit Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

William Wilder ("Wilder") appeals his conviction of the class C felony of failure to register as a sex offender, in violation of sections 589.400 and 589.425.[1] Wilder presents two points on appeal. Finding merit to Wilder's first point, we reverse the judgment and remand with directions.

---

[1] All references to sections 589.400 and 489.425 are to RSMo Cum.Supp. 2009. All other statutory references are to RSMo 2000, unless otherwise indicated.

## Factual and Procedural Background

On October 22, 2010, Wilder was charged by information with the class C felony of knowingly failing to register as a sex offender (Count I), in violation of sections 589.400 and 589.425; and the class C felony of sexual assault (Count II), in violation of section 566.040.

On July 18, 2011, the State filed a motion to sever Counts I and II. On March 20, 2012, the trial court entered an order setting Count I for a bench trial, with the case to be tried on the submission of a stipulation of facts and briefs. Count II was severed and was to be set for a jury trial at a later date.

The parties then filed a "Stipulation of Facts" which read:

1. Records from the State of California show that the defendant, William Wilder, was arrested by the Los Angeles Police Department on September 17, 1979. (Exhibit 1)
2. The defendant entered into a final plea on October 4, 1979 to counts 1 and 5 (forcible rape). (Exhibit 1)
3. The defendant was ultimately sentenced to eight (8) years in prison. (Exhibits 1 and 2)
4. The defendant thereafter was notified by the State of California that he must register as a sex offender. (Exhibit 3)
5. The Notification of Registration Requirement bears the defendant's signature and right thumbprint and is dated September 17, 1984. (Exhibit 3)
6. The defendant's criminal history record shows the defendant was convicted of "Rape with Force" and he was received at a California Penal Institution on March 2, 1982. (Exhibit 4)
7. On September 23, 2010, Wright County Missouri Deputy Tiffany Butts (Neill) received a report of sexual assault. (Exhibit 5) The alleged victim, [B.R.], reported that the defendant was helping her move on September 3, 2010 and the defendant forced her to have sex with him. [Victim] reported that the defendant again forced her to have sex on September 11, 2010.
8. The defendant was arrested in Missouri on the forcible rape charge on September 24, 2010 (21 days after the initial alleged rape within Wright County Missouri) (Exhibit 5) and had never registered in Missouri as a sex offender.
9. That defendant moved from the State of California to the State of Missouri in 1985, after being released from confinement.

2

10. That at the time the defendant moved to the State of Missouri, the State of Missouri did not have any statutory requirement for anyone who was a sex offender to register as a sex offender.

11. That the State of Missouri did not have any statutory requirement to register as a sex offender until 1997. (See Section 589.400 RSMo)

12. That the defendant was notified upon his arrest to register as a sex offender in the State of Missouri by registering with the Wright County Sheriff's Department and the defendant has complied with that request.

13. That the notification that defendant received to register as a sex offender upon his arrest on September 24, 2010 was the first notification that he had received to register as a sex offender since he moved to Missouri in 1985.

No other evidence was submitted to the trial court. No witnesses testified. Additionally, in their briefing to the trial court, the parties admitted that when Wilder moved to Missouri in 1985, there was no federal requirement for registration by sex offenders.

On August 28, 2013, after the submission of trial briefs, the trial court entered its "Order," with findings of fact and conclusions of law, finding Wilder "guilty of the Class C felony of Failing to Register as a Sex Offender, [pursuant] to RSMo. Section 589.425, beyond a reasonable doubt."

On January 9, 2014, the trial court sentenced Wilder to a four-year prison sentence, suspended execution of the sentence, and placed Wilder on probation for five years. This appeal followed.

Wilder contends the trial court erred in that there was insufficient evidence for the trial court to find that Wilder knowingly failed to register as a sex offender in Missouri.

The issue for our determination is whether there was sufficient evidence from which a fact-finder could determine beyond a reasonable doubt that Wilder *knowingly* failed to register as a sex offender in Missouri under section 589.425.

**Standard of Review**

Appellate review of sufficiency of the evidence is limited to whether the State has introduced sufficient evidence from which a reasonable [fact-finder] could have found each element of the crime beyond a reasonable doubt. This Court does not reweigh the evidence but, rather, considers it in the light most favorable to the [judgment] and grants the State all reasonable inferences. Contrary evidence and inferences are disregarded. The Court may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences.

*State v. Hunt*, SC 94081, 2014 WL 7335208, at *3 (Mo. banc Dec. 23, 2014) (internal citations omitted).

**Analysis**

Wilder argues that the trial court erred because there was not sufficient evidence from which the trial court could find that Wilder *knowingly* failed to register as a sex offender in the state of Missouri.

Section 589.425 provides: "A person commits the crime of failing to register as a sex offender when the person is required to register under sections 589.400 to 589.425 and fails to comply with any requirement of sections 589.400 to 589.425."

Wilder concedes that section 589.425 sets forth the duty to register, and that he did not do so. The narrow issue before us is whether there was sufficient evidence from which the fact-finder could infer that Wilder's conduct in failing to register was coincident with a knowing mental state.

The State had the burden to show that Wilder *knowingly* failed to comply with the registration requirement of section 589.400 to 589.425. *See State v. Jacobs*, 421 S.W.3d 507, 513 (Mo.App. S.D. 2013) (en banc); *State v. Younger*, 386 S.W.3d 848, 853 (Mo.App. W.D. 2012).

4

Here, the stipulated facts do not provide direct or circumstantial evidence sufficient to permit a fact-finder to infer that Wilder *knowingly* failed to register.[2] The only evidence before the trial court was the Stipulation of Facts and its attachments—no other evidence or testimony was adduced.

The State acknowledged in oral argument that the only evidence from the Stipulation of Facts related to Wilder's mental state was that Wilder moved to Missouri after release from incarceration in California, and that Wilder did not register in Missouri. The State further conceded that if this Court follows the holdings of *Jacobs* and *Younger*, with the limited facts here, the conviction cannot stand. We agree with the State's candid concessions, which compel us to find there was insufficient evidence to support Wilder's conviction.

The State urges us to affirm Wilder's conviction, reject the holdings of *Jacobs* and *Younger*, and instead interpret failure to register under section 589.425 as a strict liability offense. We reject this invitation. The limited record here, and *Jacobs* and *Younger*, prescribe our holding: there was insufficient evidence from which the trial court could find that Wilder knowingly failed to register as a sex offender in the state of Missouri.

The judgment of the trial court is reversed with instructions to enter judgment of acquittal in favor of Wilder on the "Class C felony of Failing to Register as a Sex Offender, [pursuant] to RSMo. Section 589.425."

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concurs

DANIEL E. SCOTT, J. - Concurs

---

[2] The trial court's Findings of Fact do not reference Wilder's mental state.

5