**STATE of Missouri, Respondent,**

**v.**

**David E. CERNA, Appellant.**

**ED 104448**

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: June 27, 2017

Evan J. Buchheim, Assistant Attorney General, P.O. Box 899, Jefferson City, MO 65102, for respondent.

Daniel A. Juengel, Michael B. Murphy, Frank, Juengel & Radefeld, P.C., 7710 Carondelet Ave., Suite 350, Clayton, MO 63105, for appellant.

Lisa P. Page, Judge

David E. Cerna ("Defendant") appeals his conviction of one count of sexual exploitation of a minor and one count of invasion of privacy in the second degree. We affirm.

## BACKGROUND

In the summer of 2014, Defendant—a police officer for Chesterfield—came under investigation for posting pornographic vid-

eos on his websites "veryhot* * *.com" and "Restroom * * *" (which hosted a large number of hidden-camera videos recorded in men's restrooms). The investigating officers executed a search warrant on Defendant's home and discovered hundreds of illicit videos produced by Defendant. These included the hidden-camera videos recorded in a gas station restroom and in the Chesterfield police station locker room, as well as other pornographic videos produced both in Defendant's home and elsewhere. The three videos at issue in this appeal show Defendant, while under the guise of an investigative search incident to detention, exposing and recording the genitals of teenage males without their consent.

In the summer of 2013, Defendant detained and searched Z.C., a nineteen-year-old male. The video, approximately two-and-a-half minutes long and titled "All in a days [sic] work![,]" shows Defendant pulling Z.C.'s waistband outward multiple times, exposing Z.C.'s genitals to the camera. After searching Z.C.'s car, Defendant released Z.C.

On December 25, 2013, Defendant arrested eighteen-year-old R.W. At the police station, Defendant "aggressively" searched R.W. twice—once before he interviewed R.W. and the second just before R.W.'s release. The video, approximately 78 seconds long (and in slow motion), depicts Defendant pulling R.W.'s pants and underwear outward, exposing his genitals.

On January 21, 2014, Defendant assisted with a traffic stop of sixteen-year-old L.P. While the other officer searched the vehicle, Defendant "really frisked" L.P. The video depicts Defendant pulling the waistband of L.P.'s shorts and underwear outward, shining a flashlight down the front of L.P.'s pants, and exposing L.P.'s genitals. The video shows L.P.'s penis for about ten seconds, Defendant is then heard saying "you know where people can hide stuff," and L.P's genitals are then re-exposed to the camera for five more seconds. The video does not depict any other part of L.P.'s body. Superimposed in the corner of the video is L.P.'s driver's license photo.

Defendant was charged with one count of the class B felony of sexual exploitation of a minor, in violation of Section 573.023, and one count of the class D felony of second degree invasion of privacy, in violation of Section 565.253.[1] Defendant waived his right to a jury trial, and the parties submitted the case to the trial court upon stipulated evidence for the trial court to make factual findings. Defendant was found guilty of both counts, was given a ten-year suspended execution of sentence and placed on five years' probation. This appeal follows.[2]

## DISCUSSION

Defendant submits five points on appeal, contending: (I and II) the evidence is insufficient to show that Defendant knew L.P.'s age or that the video was a "lascivious" exhibition of L.P.'s genitals; (III) as a law-enforcement officer, Defendant was protected from prosecution; (IV) the charging document failed to name a minor victim for the sexual exploitation of a minor charge; and (V) the statute supporting the conviction for sexual exploitation of a minor is unconstitutionally overbroad and void for vagueness.

---

1. All statutory references are to RSMo Cum. Sup. 2012, unless otherwise indicated.

2. Additional facts will be discussed in the analysis section, as pertinent to each point on appeal.

### Standard of Review

In reviewing the sufficiency of the evidence in a bench-tried criminal case, the same standard is applied as in a jury tried case. State v. Niederstadt, 66 S.W.3d 12, 13 (Mo. banc 2002). We will affirm the trial court's judgment if the State has introduced sufficient evidence from which a reasonable fact-finder could have found each element of the crime beyond a reasonable doubt. State v. Wilder, 457 S.W.3d 354, 356 (Mo. App. S.D. 2015). This court does not reweigh the evidence but, rather, considers it in the light most favorable to the judgment and grants the State all reasonable inferences. Id. Contrary evidence and inferences are disregarded. Id. When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence; it is only when the evidence is uncontested that no deference is given to the trial court's findings. Johnson v. State, 366 S.W.3d 11, 18–19 (Mo. banc 2012).[3] Circumstantial evidence is given the same weight as direct evidence in considering the sufficiency of the evidence. State v. Grim, 854 S.W.2d 403, 405 (Mo. banc 1993).

### Points I and II–Evidence is Sufficient to Support Sexual Exploitation Conviction

In his first two points on appeal, Defendant contends the trial court erred in denying his motion for judgment of acquittal on count I of the class B felony of sexual exploitation of a minor, arguing sufficient evidence was lacking to show (A) Defendant knew L.P. was under the age of 18,

and (B) the video at issue constituted a "lascivious" exhibition of L.P.'s genitals.

### Analysis

#### A. Knowledge of Age

Defendant was convicted of one count sexual exploitation of a minor, in violation of Section 573.023, which required the State to prove that "such person knowingly ... films ... child pornography." Section 573.010(4) defines child pornography as, *inter alia*, "[a]ny visual depiction ... of sexually explicit conduct, where [t]he production of such visual depiction involves the use of a minor engaging in sexually explicit conduct[.]" Section 573.010(10) defines a "minor" is any person less than eighteen years of age. Defendant contends he could not be found guilty of this charge because he was unaware of L.P.'s age at the time he filmed L.P.'s genitals.

A person "acts knowingly," or with knowledge with respect to his or her conduct or to attendant circumstances "when he or she is aware of the nature of his or her conduct or that those circumstances exist." Section 562.016.3(1). As it is difficult to acquire direct evidence of the requisite state of mind of a defendant, it is permissible to infer a defendant's knowledge of the age of a victim from indirect and circumstantial evidence. State v. Osborn, 318 S.W.3d 703, 712 (Mo. App. S.D. 2010).

Here, sufficient evidence exists for a reasonable fact-finder to determine beyond a reasonable doubt that Defendant was aware of L.P.'s age on the night in ques-

---

**3.** Defendant appears to argue that, because the evidence was submitted on a stipulated record, we review all issues *de novo* and grant the trial court no deference. However, our review of a stipulated *record* differs from a case with stipulated *facts*. The latter requires no deference because "there is no finding of fact to which to defer[,]", whereas the former *does* require deference simply because the trial court must decide the issues on the facts and inferences drawn therefrom. See Wei v. Dir. of Revenue, 335 S.W.3d 558, 561 (Mo. App. S.D. 2011) ("The lack of live testimony in this case does not transform it into an uncontested matter.").

tion. That night, Defendant, a now-former member of the Chesterfield Police Department, arrived to assist a fellow officer with a traffic stop of L.P. The stipulated evidence submitted to the trial court indicates that L.P.'s driver's license photo was superimposed in the corner of the video of L.P.'s genitals. It is neither unreasonable nor speculative to impute knowledge of L.P.'s age to Defendant, since we know he had access to L.P.'s license—and therefore his age.

## B. Lascivious Exhibition

■ Regarding the "sexually explicit conduct" prong of "child pornography," the State was also required to prove the video depicted a "lascivious exhibition of the genitals or pubic area of any person." Section 573.010(21)(e). The statute does not define "lascivious." The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language. State v. Graham, 204 S.W.3d 655, 656 (Mo. 2006).

Black's Law Dictionary refers to it as "conduct tending to excite lust; lewd; indecent; obscene." BLACK'S LAW DICTIONARY (10th ed. 2014). Further, no Missouri case has construed the term in conjunction with this statute; however, numerous federal cases have applied the term to a similar federal statute, and we find those cases instructive.

In U.S. v. Kemmerling, 285 F.3d 644 (8th Cir. 2002), the defendant challenged his conviction under 18 U.S.C. 2256(8)(B), which prohibits the creation of any visual depiction "of a minor engaging in sexually explicit conduct," including "lascivious exhibition of the genitals or pubic area of any person." Federal case law enumerates a list of factors for a court to consider when deciding whether an image constitutes child pornography, including whether:

(1) the focal point of the visual depiction is on the child's genitalia or pubic area; (2) the setting or the visual depiction is sexually suggestive; (3) the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) the child is fully or partially clothed or nude; (5) the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) the visual depiction is intended or designed to elicit a sexual response in the viewer.

See U.S. v. Dost, 636 F.Supp. 828, 831 (S.D. Cal. 1986).

Relying on these factors, the defendant contended that since the images of partially-nude children did not "depict a location or pose suggestive of sexual activity," and failed to "suggest [a] sexual coyness or willingness to engage in sexual activity," they could not be considered "child pornography" within the meaning of the statute. Id. at 646. The Eighth Circuit disagreed, finding that while "more than mere nudity is required before an image can qualify as 'lascivious' within the meaning of the statute," it was not clearly erroneous for the fact-finder to consider the images in that case pornographic. Id. at 645-646.

A picture is "lascivious" only if it is sexual in nature. Thus, the statute is violated, for instance, when a picture shows a child nude or partially clothed, when the focus of the image is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer.

Id. at 646; see also U.S. v. Horn, 187 F.3d 781, 789 (8th Cir. 1999) ("[W]hen the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer, the depiction is lascivious.").

Here, substantial evidence exists to support the lascivious nature of the video, so as to support Defendant's conviction for sexual exploitation of a minor. The video depicts Defendant pulling the waistband of L.P.'s shorts and underwear outward, shining a flashlight down the front of L.P.'s pants, and exposing L.P.'s genitals. The video shows L.P.'s penis for about ten seconds, and Defendant says "you know where people can hide stuff," and L.P's genitals are re-exposed to the camera for five more seconds. The video focuses entirely on L.P.'s genitals and pubic area. Considering that the video of L.P. was included with the hundreds of pornographic videos produced by Defendant and uploaded to his websites "veryhot* * *.com" and "Restroom * * *," it was not error for the fact-finder to conclude the video of L.P. was lascivious within the meaning of Section 573.023.

Points I and II are therefore denied.

## Point III–Defendant's Convictions Not Protected by Statute

■ In his third point on appeal, Defendant contends the trial court erred in denying his motion for judgment of acquittal on count I, sexual exploitation of a minor, and count II, invasion of privacy in the second degree. Specifically, Defendant argues his videotaping of the victims occurred during a lawful criminal investigation, thereby protecting his conduct.

### Analysis

Defendant was convicted of one count of the class D felony of second-degree invasion of privacy, in violation of Section 565.253, and one count the class B felony of sexual exploitation of a minor, in violation of Section 573.023. Defendant maintains he was protected from prosecution for these charges under Section 565.257, which states in relevant part: "[t]he provisions of Sections 565.250 to 565.257 shall not apply to: (1) [v]iewing, photographing or filming by law enforcement officers during a lawful criminal investigation[.]"

First, Section 565.257 applies strictly to the charge of invasion of privacy under Section 565.253, and not to Defendant's conviction for sexual exploitation of a minor under Section 573.023. See Graham, 204 S.W.3d at 656 ("The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language."). Thus, we deny Defendant's request for protection as to Count I without further elucidation.

■ Second, as to the application of Section 565.257 to Count II, Missouri has yet to interpret what conduct constitutes a lawful criminal investigation under this statute. However, we may easily draw inferences from similar "exemption" statutes to determine Defendant's ability to qualify for Section 565.257's protections. For example, in Oberkramer v. City of Ellisville, 650 S.W.2d 286 (Mo. App. E.D. 1983), this court discussed the purpose and application of a statute exempting law enforcement from certain traffic regulations during an emergency situation.

By enacting Section 304.022, our legislature has made a policy judgment that the risk of injury inherent in high speed pursuits will be tolerated in the interests of promoting law and order. *This tolerance, however, is limited.* A heightened risk of injury is acceptable only *so long as it does not become unreasonable*— only so long as the utility of the conduct continues to outweigh the magnitude of the risk.

Id. at 292 (emphasis added).

Here, we have no reservations in finding Defendant's acts of videotaping teenage males were not within the scope of a lawful criminal investigation. Defendant recorded

the genitals of multiple young men, edited the recordings into pornographic clips, and uploaded them to his website filled with illicit sexual videos. None of the young men consented to the recording, and each video contained a picture of the victims superimposed in the corner of the picture. No reasonable officer would consider these acts within the scope of a lawful criminal investigation.

 Further, Defendant also appears to argue that this statute provides "immunity" from prosecution, even though the word "immunity" does not appear in the statute. Pursuant to Missouri Supreme Court precedent, we refuse to import the common law doctrine of immunity into this case. See Davis v. Lambert-St. Louis Intern. Airport, 193 S.W.3d 760, 763–64 (Mo. banc 2006) ("Section 304.022, which allows drivers of emergency vehicles to violate certain traffic rules in emergency situations, does not affect official immunity. Official immunity is a common law doctrine relieving public officials of liability for negligence when they are acting in a discretionary capacity.").[4] Point III is denied.

**Point IV–No Prejudice from Alleged Defect in Charging Document**

 In his fourth point on appeal, Defendant contends the trial court erred in

denying his motion for judgment of acquittal on count I, sexual exploitation of a minor. Specifically, Defendant argues the State failed to name a minor victim in the indictment, resulting in a fatal defect in the charging document.

*Preservation of Error and Analysis*

 A challenge to the sufficiency of the indictment must be raised in a motion prior to the commencement of trial. State v. Carlock, 242 S.W.3d 461, 464 (Mo. App. S.D. 2007); see also Mo. Sup. Ct. R. 24.02(b)(2). Absent a timely challenge, the indictment will not be deemed insufficient unless it is so defective that "(1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced." Carlock, 242 S.W.3d at 464 (quoting State v. Parkhurst, 845 S.W.2d 31, 35 (Mo. banc 1992)). "A defendant suffers actual prejudice if the information or indictment was either so deficient that the defendant was not placed on notice as to what crime he or she was being charged with or was so lacking in clarity that the defendant was unable properly to prepare a defense." Carlock,

---

4. Even if the legislature had intended for common law immunity to apply, Defendant would still not be protected. The policy behind official immunity encourages officials to make decisions that affect public safety and welfare "free from [t]he fear of personal liability." Green v. Denison, 738 S.W.2d 861, 865 (Mo. banc 1987). However, even a discretionary act "will not be protected by official immunity if the conduct is willfully wrong or done with malice or corruption." Southers v. City of Farmington, 263 S.W.3d 603, 610 (Mo. banc 2008). A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. State ex

rel. Twiehaus v. Adolf, 706 S.W.2d 443, 447 (Mo. banc 1986). Bad faith "imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." Id. (citing Wiggins v. City of Monroe, 73 N.C.App. 44, 326 S.E.2d 39, 43 (1985) (Where public official authorized a permit allowing property owners to affect repairs to their home, then presided over demolition of the home, official's actions were corrupt, malicious, or outside of and beyond the scope of his duties, precluding immunity.)). Here, the record clearly shows Defendant acted with malice and in bad faith when recording the young men's genitalia for his pornographic films.

242 S.W.3d at 464 (quoting State v. Williams, 126 S.W.3d 377, 381 (Mo. banc 2004)).

Here, Defendant did not raise the issue of the sufficiency of the indictment until the parties submitted their arguments and stipulated record to the court. Though this case did not follow the typical procedures for a trial—because Defendant waived his right to a jury trial and agreed to a decision on the record alone—a trial was nonetheless conducted by the court, and arguably began the day the parties submitted the record. See State v. Shive, 624 S.W.2d 136, 139 (Mo. App. S.D. 1981) ("In a nonjury trial, jeopardy attaches when the court begins to hear evidence."); Serfass v. United States, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Defendant's decision to wait until the first day of trial to raise this issue is an attempted end-run around Missouri Supreme Court Rules and the purpose of an indictment: to allow the accused "to make his defense and to enable him to assert double jeopardy in bar of a further prosecution." State v. Edwards, 510 S.W.3d 374, 379 (Mo. App. E.D. 2017). Thus, Defendant must show actual prejudice in the submission of the indictment on Count I. We find that he cannot.

As the stipulated record indicates, Defendant had ample notice of the charged crime, which did not lack in clarity as to inhibit his preparation of his defense to this charge. Most importantly, **Defendant agreed to a stipulated record that considers L.P. as the victim,** and all of his memoranda presented to the court is framed as such. Further, L.P. is clearly identified as a witness on the last page of the indictment, and is in fact the **only** person under eighteen on the day in question. No reasonable person would argue Defendant was prejudiced by the alleged defect in the indictment, such that his conviction should be overturned.

Point IV is denied.

## Point V–Defendant Waived his Constitutional Claim

In his fifth point on appeal, Defendant contends the trial court erred in failing to dismiss count I, sexual exploitation of a minor. Specifically, Defendant argues the statute is unconstitutionally overbroad and void for vagueness. Absent this alleged error, Defendant maintains he would not have been convicted, and therefore requests this court to vacate his conviction on count I or to transfer the matter to the Missouri Supreme Court.

### Preservation of Error and Analysis

In order to preserve a constitutional issue for appellate review, a party must (1) raise the issue at the first available opportunity, (2) state the constitutional provision claimed to be violated by specifically referencing the article and section of the constitution or by quoting the constitutional provision itself, (3) state the facts that comprise the constitutional violation, and (4) preserve the constitutional issue throughout the criminal proceeding. State v. Newlon, 216 S.W.3d 180, 184 (Mo. App. E.D. 2007). The earliest opportunity to raise a constitutional challenge to the charging statute is by a pretrial motion to quash the indictment. Id. The failure to challenge the constitutionality of a statute at the earliest opportunity waives the issue. Feldhaus v. State, 311 S.W.3d 802, 804 (Mo. banc 2010).

Here, Defendant first raised his constitutional claim in his memorandum in support of a judgment of acquittal, submitted with the stipulated record on February 17, 2016. Normally, our prior precedent would clearly bar Defendant's claim, as motions for acquittal typically come after the conclusion of a trial. See, e.g., State v. Turner, 48 S.W.3d 693, 696 (Mo. App. W.D. 2001);

State v. Danforth, 654 S.W.2d 912, 917–18 (Mo. App. W.D. 1983); State v. Sullivan, 935 S.W.2d 747 (Mo. App. S.D. 1996). However, due to the odd procedural posture of this case, Defendant's motion for acquittal was submitted on what was arguably the first and only day of trial. See Shive, 624 S.W.2d at 139. Still, Defendant's decision to wait eighteen months to submit an issue "of such dignity and importance" to the court necessitates denial of his claims as unpreserved. Hollis v. Blevins, 926 S.W.2d 683, 684 (Mo. banc 1996).

Point V is denied.

## CONCLUSION

The judgment of the trial court is affirmed.

Robert M. Clayton III, P.J. and Mary K. Hoff, J., concur.