Gary D. Witt, Judge
Appellant Everett Graham ("Graham") appeals his conviction for failing to register as a sex offender, section 589.425,[1] following a jury trial in Harrison County, Missouri. Graham raises three points on appeal. We agree that the trial court erred in failing to grant his judgment of acquittal at the close of all evidence because the State failed to submit any evidence that Graham knowingly failed to register. We reverse and order that Graham be discharged.[2]
Factual and Procedural Background[3]
Graham was convicted in Iowa of a crime that required him to register as a sex offender under Iowa law. At the time of his conviction, Iowa required offenders to register for a period of ten years. In 2006, Graham was notified by the Iowa Department of Public Safety that he was no longer required to register in Iowa. The Notice read:
To Everett Graham, date of birth 11/7/71. As provided in Chapter 692A of the code of Iowa, the Iowa Department of Public Safety has reviewed information relating to your registration as a sex offender with the Iowa sex offender registry. Based upon this review your required 10-year registration period has expired. No evidence has been found to indicate that this registration requirement should be extended. All records pertaining to your registration have been or will be removed from our public website and related databases. A copy of this document is being provided to the sheriff in your current county of residence in Iowa for the sex offender registry in your current state of residence to assist in the handling of related records in that office. Be advised Iowa code Chapter 692A requires anyone who commits a second or subsequent offense requiring registration to register as a sex offender in Iowa for the remainder of his or her life. Any future conviction for an offense requiring registration would subject you to this lifetime registration requirement. End 8/27/2006.
The notice did not speak to any other states' registration requirements; it only informed Graham that he was no longer required to register in Iowa.[4]
*535 At some point between 2006 and August 22, 2015, Graham moved to Cainsville, Missouri. On August 22, 2015, Graham contacted the Harrison County Sheriff's department to report the shooting of a cat by his neighbor. Deputy Justin Ray ("Deputy Ray") made contact with Graham, ran his criminal history and found an outstanding warrant for his arrest.[5] This information was communicated to Sheriff Josh Eckerson ("Sheriff Eckerson").
Sheriff Eckerson later concluded that, based on Graham's sex offense conviction in Iowa and his current residence in Missouri, Graham was required to register as a sex offender in Harrison County, Missouri. On September 29, 2015, Sheriff Eckerson determined that Graham had not registered in Harrison County and went to the same address where Deputy Ray had visited Graham in August and located Graham. Sheriff Eckerson informed Graham that there was an outstanding warrant for his arrest but that instead Sheriff Eckerson intended to arrest Graham for failing to register as a sex offender. When Sheriff Eckerson asked Graham if he had registered as a sex offender, Graham told Sheriff Eckerson that he was not required to register.
Sheriff Eckerson located Graham at the same address where Deputy Ray had contact with him the prior month, and based on Sheriff Eckerson's personal observations of the condition of Graham's home and visible contents, Sheriff Eckerson believed that Graham had been residing in Harrison County for at least three business days. Accordingly, Sheriff Eckerson arrested Graham for failing to register as a sex offender as required by section 589.414. Following a jury trial, Graham was found guilty of failing to register as a sex offender. The court imposed a four-year sentence, but suspended the execution of that sentence and placed Graham on probation for five years. This appeal followed.
Standard of Review
When reviewing whether sufficient evidence supports a criminal conviction, this Court gives great deference to the trier of fact. State v. Moore, 303 S.W.3d 515, 519 (Mo. banc 2010). Appellate review "is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." State v. Oliver, 293 S.W.3d 437, 444 (Mo. banc 2009) (quoting State v. Chaney, 967 S.W.2d 47, 52 (Mo. banc 1998) ). In applying this standard, "the Court accepts as true all of the evidence favorable to the state including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary." Id.
State v. Stover , 388 S.W.3d 138, 146 (Mo. banc 2012).
Discussion
Graham raises three points on appeal. Because it is dispositive, we begin with Graham's Second Point Relied On. Graham alleges that the trial court erred in denying his motion for judgment of acquittal because the State failed to present any evidence that Graham knowingly failed to register as a sex offender.
*536 The parties are in agreement that, because Graham was convicted of an act requiring registration in Iowa, under section 589.414 Graham was required to register under Missouri law. The parties disagree, however, as to whether Graham's failure to register amounted to a crime under section 589.425. Section 589.425 provides in relevant part that:
A person commits the crime of failing to register as a sex offender when the person is required to register under sections 589.400 to 589.425 and fails to comply with any requirement of sections 589.400 to 589.425.
This Court has found that, because section 589.425 does not specify a requisite mental state, we look to section 562.021.3 and apply a "purposely or knowingly" standard. State v. Younger , 386 S.W.3d 848, 852 (Mo. App. W.D. 2012). A person "acts knowingly" "when he is aware of the nature of his conduct or that those circumstances exist[.]" Section 562.016.3(1). This knowingly standard can be presented by direct or circumstantial evidence. See State v. Jacobs , 421 S.W.3d 507, 513-14 (Mo. App. S.D. 2013) (offender's compliance with registration for prior ten years. his statement that he knew he needed to submit a change of address and had attempted to so, but that he ultimately lied regarding his address was sufficient to show that he knew of registration requirements).
Graham argues that the State presented no evidence that Graham knew he was required to register in Missouri. The only testimony regarding Graham's knowledge came from Cheryl Nolan ("Nolan"), program planner II with the Iowa Department of Public Safety, Division of Criminal Investigation, Sex Offender Registry. Nolan testified that Graham was required to register in Iowa as a sex offender prior to 2006. In 2006, Graham, however, was notified by the State of Iowa that he had met the ten-year registration obligation and was no longer required to register. At trial, Nolan read the contents of the letter notifying Graham of the expiration of his registration obligations. The letter contained no mention of whether Graham might have continuing registration requirements in other jurisdictions. The only testimony the State put forth regarding whether Graham was aware that he might have had registration obligations in Missouri, despite the notice from Iowa, was Nolan's statement that she would "agree" with the prosecutor's statement that "sexual registration is a big deal, it's a big deal, it gets a lot of publicity in the news, correct?"
The State put forth the evidence that Graham was affirmatively told by the State of Iowa that he no longer had to register. The only evidence regarding Graham's knowledge of the registration requirements in Missouri was Nolan's testimony that Graham was once required to register in Iowa and her affirmation of the general statement that sexual registration is a "big deal" and "gets a lot of publicity in the news."[6] There was no evidence regarding the instructions Graham was originally given regarding his registration requirements.
*537 See State v. Moore , 508 S.W.3d 148, 150 (Mo. App. S.D. 2016) (original registration form signed by defendant notifying him of various duties and restrictions was entered into evidence). Graham made no statements to law enforcement officers that he was aware of any obligation to register. See Jacobs , 421 S.W.3d at 514 ) (State introduced evidence showing defendant had a history of compliance with the registration requirements, a police interview in which he admitted to knowing he was required to submit a change of address, and defendant's false statements regarding his address in an attempt to conceal his crime). Even ignoring all evidence contrary to the verdict and giving the State all reasonable inferences, at best the jury was left no direct or circumstantial evidence to establish that Graham knowingly failed to register.
At trial, both the State and the court referred to the often quoted axiom that ignorance of the law or mistake of law is no excuse for violating the law. Reeder v. Bd. of Police Com'rs of Kan. City, Mo. , 800 S.W.2d 5, 6 (Mo. App. W.D. 1990). This concept, however, does not supplant the State's obligation to prove the requisite mental state of the defendant for the offense charged. Ignorance of the law can act as a defense where it negates "the existence of the mental state required by the offense." Section 562.031.1. The State was required not to show that Graham "knew all of the intricacies of Missouri's registration statute," as the State argues, but merely show that Graham knew he had some obligation under the law.
The State argues that we should ignore the finding in Younger that section 589.425 requires a "knowingly" standard because this Court erred in that case. Section 562.021 only applies a purposeful or knowing standard to a statute "except as provided in subsection 2 of this section and section 562.026." Section 562.021.3. Section 562.026 states:
A culpable mental state is not required ... [i]f the offense is a felony or misdemeanor and no culpable mental state is prescribed by the statute defining the offense, and imputation of a culpable mental state to the offense is clearly inconsistent with the purpose of the statute defining the offense or may lead to an absurd or unjust result.
The State contends that an "[i]mputation of a knowing mental state to the defendant's obligation to register as a sex offender is contrary to the purpose of the sex offender registry statutes and thus leads to an unjust result." The State goes on to recount the intent behind the registration statutes is to protect children. We do not believe that requiring an offender to be aware of their obligation to register conflicts with this intention. It simply requires that the state effectively inform offenders of their obligations under the law. This is illustrated by the legislature's clarity that an offender must be informed of the possibility that they must register upon release from a correctional facility or mental health institution. Section 589.403.
This issue was already decided in State v. Wilder , 457 S.W.3d 354 (Mo. App. S.D. 2015). In Wilder , the defendant was convicted of a sex crime in California. Id. at 355. When he was released from confinement, Wilder moved to Missouri. Id. At the time he moved to Missouri, the state did not have any statutory requirement for a sex offender to register. Id. Over a decade later, Missouri created such a law and more than a decade after that, Wilder was arrested and for the first time informed that he was required to register as a sex offender. Id. No other evidence was submitted to the jury. Id. Wilder contended that the trial court erred in finding that there was sufficient evidence to find that *538 he knowingly failed to register as a sex offender in Missouri. Id. at 356. On appeal, the Southern District of this Court reversed the trial court, finding that there was no direct or circumstantial evidence to permit a fact-finder to infer that Wilder knowingly failed to register. Id.
In Wilder , the State conceded that if knowingly is the proper legal standard they had not presented sufficient evidence to support the conviction. Id. at 356. Instead, on appeal, the State urged the court to reject the holdings of Younger and Jacobs , and instead interpret the failure to register under section 589.425 as a strict liability offense. Id. at 356-57. The same argument that the State again makes in this appeal. The Court in Wilder declined to overrule Younger and Jacobs , as do we.
The State further argues that removing "knowingly" from section 589.425 is more consistent with the approved instructions for the crime of failing to register as a sex offender. MAI-CR 3rd 320.39. The State contends that under MAI-CR 3rd 320.39, the jury is only required to find that the defendant knew he did not register not that he knew he was required to register. We disagree. The jury was instructed to find whether the "defendant knowingly failed to register as a sex offender." MAI-CR 3d 320.39. The State suggests this be read to require the State to prove only that the defendant knew he did not register not that he knew he needed to register. This renders the "knowingly" term virtually meaningless. As Graham notes, logically, it is hard to fathom a situation in which a person could knowingly fail to register without first knowing they had such an obligation. We will not take an unreasonably narrow view of MAI-CR 3d 302.39.
The holdings in Younger and Wilder do not prevent the State from prosecuting persons who fail to register as a sex offender upon moving to Missouri from another jurisdiction. They simply require the State to put on some evidence either directly or by inference that the defendant was aware of his obligation to register. We expressly reject the State's argument that section 562.026 makes failing to register under section 589.425 a strict liability offense. Younger was properly decided and we reaffirm its holding that section 589.425 has a "knowing" requirement.
In this case, Graham was notified by the State of Iowa that his registration obligations had expired and that all records pertaining to his previous registration would be removed from public databases. While the notice clearly communicated that Graham was being afforded registration relief under Iowa law, it failed to indicate that he may still be required to register under the laws of other states if he were to establish residency elsewhere. Even when we ignore this evidence, as mandated by our standard of review, the State failed to present any evidence supporting even an inference that Graham knowingly failed to register in Missouri.
Conclusion
Because we find Graham's Second Point Relied On dispositive, we do not address his other two points on appeal. We, therefore, reverse the circuit court's judgment and order Graham be discharged.
All concur

All statutory citations are to RSMo 2016 as updated through December 31, 2016, unless otherwise noted.

See State v. Vu, 483 S.W.3d 476 (Mo. App. E.D. 2016).

On appeal from a jury-tried case, we view the facts in the light most favorable to the jury's verdict. State v. Peal , 393 S.W.3d 621, 623 n.1 (Mo. App. W.D. 2013).

Iowa has since added language in the notice clarifying the notice only applies to registration in Iowa.

The Sheriff's department appeared to initially believe the warrant was issued from Iowa and therefore the Sheriff's office had no jurisdiction to execute an arrest. It is unclear why the Sheriff would lack jurisdiction to execute an arrest warrant from Iowa as persons are frequently extradited between states based on warrants from other states. At trial it was revealed that the warrant was actually issued from Mercer County, Missouri. This distinction is not relevant to the legal issues presented to this court.

The State also questioned Sheriff Eckerson and Deborah Willis, custodian of the sex offender registry for Harrison County, regarding the fact that Graham did not register after his arrest on September 29, 2015. The Second Amended Information upon which Graham was charged specifically alleges that Graham failed to register between the dates of September 26, 2015 through September 29, 2015, thus we do not consider evidence that Graham might have "knowingly" failed to register after his arrest on September 29, 2015. Had the State charged the offense for the time frame following the Sheriff informing Graham of his obligation to register under Missouri law the legal issue of whether the failure to register was "knowing" would not have been an issue.