

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Respondent,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀WD86669
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
SCOTT J. PARRISH,⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀Opinion filed:  February 11, 2025
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant.⠀⠀⠀⠀⠀⠀)

**APPEAL FROM THE CIRCUIT COURT OF
BATES COUNTY, MISSOURI
THE HONORABLE MICHAEL B. BAKER, JUDGE**

Division Three:  W. Douglas Thomson, Presiding Judge, Karen King Mitchell, Judge and Thomas N. Chapman, Judge

Scott J. Parrish ("Parrish") appeals from the trial court's judgment and sentence for failure to register as a sex offender in violation of section 589.400, RSMo 2018, and section 589.425.[1]  In his single Point on Appeal, Parrish contends the trial court erred in finding him guilty of the offense charged and sentencing him accordingly because there was insufficient evidence to support a factual finding that Parrish acted knowingly.  We affirm.

---

[1] All statutory citations are to RSMo (2017), unless otherwise noted.

## Factual and Procedural History[2]

On May 6, 1993, Parrish pleaded guilty in the U.S. District Court for the Western District of Missouri to the felony of transporting a minor across the state line to engage in sexually explicit conduct. Parrish was sentenced to a term of incarceration followed by supervised release. Parrish was released from supervision in the fall of 1997. Since then, Parrish has lived at the same residence in Bates County, Missouri.

In 2019, the Missouri State Highway Patrol notified the Bates County Sheriff ("Sheriff") that Parrish had been convicted of a sex offense such that he was required to register as a sex offender. On July 23, 2019 Sheriff sent Parrish a letter advising Parrish of his obligation to register as a sex offender. Parrish received the letter and sent Sheriff a responsive letter stating his objection to and disagreement with the registration requirement.

After receiving Parrish's response, Sheriff sent Parrish two additional letters informing him of his obligation and responsibility to register as a sex offender. At least one of these letters was returned to Sheriff by the postal service because it was refused by the recipient. Sheriff did not receive a response to either letter, and Parrish did not register as a sex offender.

On November 1, 2022, Parrish was charged with committing the class E felony of failure to register as a sex offender in violation of sections 589.400

---

[2] "We view the facts in the light most favorable to the conviction." *State v. Barac*, 558 S.W.3d 126, 128 n.1 (Mo. App. W.D. 2018) (citing *State v. Sutton*, 427 S.W.3d 359, 359 n.1 (Mo. App. W.D. 2014)).

and 589.425, in that on or about July 30, 2019 Parrish knowingly failed to register as a sex offender in Bates County while being a resident thereof. Parrish entered a plea of not guilty and subsequently waived his right to a trial by jury. On August 8, 2023, the trial court conducted a bench trial.

Sheriff testified on behalf of the State. Through his testimony, the July 23, 2019 letter Sheriff sent to Parrish and Parrish's reply letter were introduced as evidence and admitted without objection. Sheriff testified that this letter informed Parrish that "he was required to register as a sex offender."

Parrish testified in his own defense. Parrish testified that he received the letter from Sheriff informing him that he had to register as a sex offender. When asked why he did not register upon the receipt of that letter, Parrish stated: "Because the [federal] District Court did not stipulate . . . that was a requirement[.]" Parrish then offered "four legal documents" that he "printed off the internet" as Defense Exhibits 1 through 4.[3] In explanation of his independent legal research, Parrish testified that he did not register because the federal court "did not say [he] had to register." During cross-examination, Parrish agreed that he believed he was not required to register as a sex

---

[3] These exhibits are not a part of the record on appeal. "Where . . . exhibits are not made a part of the record on appeal, such evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appeal." *City of Kansas City v. Cosic*, 540 S.W.3d 461, 464 (Mo. App. W.D. 2018) (quoting *Navarro v. Navarro*, 504 S.W.3d 167, 176 (Mo. App. W.D. 2016)).

offender, and as a result, he intentionally decided not to register upon receipt of Sheriff's letter.

At the conclusion of the parties' submission of evidence, the trial court took the matter under advisement. On September 25, 2023, the trial court found Parrish guilty of the offense of failing to register as a sex offender. Parrish was sentenced to six months in the county jail, the execution of which was suspended and he was placed on three years of supervised probation.

Parrish appeals.

## Standard of Review

"Our review of the sufficiency of the evidence for a criminal conviction in a court-tried case is determined by the same standard as in a jury-tried case: whether or not there was sufficient evidence from which the trier of fact could have reasonably found guilt." *State v. Besendorfer*, 439 S.W.3d 831, 834 (Mo. App. W.D. 2014) (citing *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992)). Appellate review of sufficiency of evidence to support a criminal conviction defers greatly to the trier of fact and seeks a determination of whether "a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Weaver*, 481 S.W.3d 927, 930 (Mo. App. W.D. 2016) (quoting *State v. Neal*, 328 S.W.3d 374, 378 (Mo. App. W.D. 2010)). "In applying this standard, we accept all evidence and inferences favorable to the judgment as true, and we disregard all . . . inferences to the contrary." *State v. Hicks*, 526 S.W.3d 273, 275 (Mo. App. W.D. 2017).

4

## Analysis

Parrish raises one Point on Appeal, claiming the trial court erred in entering judgment and sentence for failure to register as a sex offender, pursuant to sections 589.400 and 589.425, because there was insufficient evidence to support a finding of his guilt beyond a reasonable doubt. Parrish specifically argues the trial court erred because there was insufficient evidence to support a factual finding that Parrish acted *knowingly*.

"A person commits the crime of failing to register as a sex offender when the person is required to register under sections 589.400 to 589.425 and fails to comply with any requirement of sections 589.400 to 589.425." Section 589.425. Section 589.425 does not specify the requisite mental state for the elements of the crime. When "the definition of an offense does not expressly prescribe a culpable mental state for any elements of the offense, a culpable mental state is nonetheless required and is established if the person acts purposefully or knowingly[.]" Section 562.021.3, RSMo 1997.

"A person 'acts knowingly', or with knowledge" "when he or she is aware of the nature of his or her conduct or that those circumstances exist" or "when he or she is aware that his or her conduct is practically certain to cause that result." Section 562.016.3. In establishing knowledge as an element of the crime of failure to register as a sex offender, the State is not required to show that the defendant "knew all of the intricacies of Missouri's registration

5

statute," only that the defendant "knew he had some obligation under the law." *State v. Graham*, 549 S.W.3d 533, 537 (Mo. App. W.D. 2018).

Here, Parrish argues that the State failed to prove his failure to register was committed knowingly because he believed he was not required to register as a sex offender under Missouri law. We disagree. As an initial matter, Parrish's argument rests on the assumption that the circuit court believed his claim that he believed he was not required to register because the federal court did not impose that requirement on him. Under our standard of review, however, we are required to disregard any evidence contrary to the verdict. *See, e.g., State v. Bumby*, 699 S.W.3d 459, 466 (Mo. App. W.D. 2024). The circuit court, as fact-finder, was fully entitled to reject Parrish's self-serving testimony that he believed he was not legal required to register. *See, e.g., State v. Shaddox*, 598 S.W.3d 691, 694 n.2 (Mo. App. S.D. 2020). Missouri courts have found that once a defendant knows of their obligation to register, their failure to do so becomes a knowing failure. *State v. Graham*, 549 S.W.3d at 538. Section 589.425's knowing requirement "simply require[s] . . . *some* evidence . . . that the defendant was aware of his obligation to register." *Id.*; *State v. Shands*, 661 S.W.3d 381, 385 (Mo. App. S.D. 2023) (finding a defendant was properly convicted of knowingly failing to change his residence as a sex offender when that defendant "was aware of his obligation[.]").

The record supports the finding that Parrish possessed the requisite mental state for committing the crime of failure to register as a sex offender

6

because he was aware of his obligation when he committed the crime. At trial, Sherriff and Parrish both testified that on July 23, 2019, Sherriff sent Parrish a letter at his residence in Bates County, Missouri, informing Parrish of his obligation to register as a sex offender. The two then testified that Parrish received the letter, evidencing his awareness of his requirement to register. Parrish testified that upon his receipt of the letter, he responded to Sherriff, informing Sherriff that Parrish did not believe he was required to register. This, too, evidences Parrish had been made aware of his obligation to register as his response evidences he did indeed receive the Sheriff's initial letter. Parrish also agreed that he did not accidentally forego compliance with the Sherriff's letters, and instead, relied on his belief that the Sherriff was mistaken about Parrish's particular registration requirement. Accordingly, it is clear from the testimony of both Sherriff and Parrish that Parrish's decision not to register as a sex offender was not due to lack of awareness but rather was done knowingly.

Parrish, however, claims that he "relied upon his own legal research" and while such "reliance may have been misinformed, it nonetheless prevented him from being aware that his previous conviction required him to register as a sex offender in Bates County Missouri." After receiving Sherriff's letter, Parrish conducted his own review of his federal court judgment and commitment papers, and did his own legal research, all of which led to his unilateral determination that the sex offender registry did not apply to his offense. In

short, Parrish concedes that he resided in Bates County and that he received notice of his duty to register as a result of being convicted of a certain sex offense, but by his own research he "misinformed" himself of his obligations. This does not aid Parrish's cause.

Here, Parrish's situation is similar to that in *State v. Younger*, 386 S.W.3d 848 (Mo. App. W.D. 2012), where it was evident Younger knew that upon a change of residence he was to register with authorities as a sex offender as he had done so previously. *Id.* at 858. In *Younger*, "the "knowingly" *mens rea* attached to whether Younger "knowingly" changed his residence and "knowingly" failed to notify the authorities. It did not attach to whether he knowingly broke the law. Section 562.031.1.[4]" *Id.* Indeed, "a person is not

---

[4] In its entirety, Section 562.031 states:

1. A person is not relieved of criminal liability for conduct because he or she engages in such conduct under a mistaken belief of fact or law unless such mistake negatives the existence of the mental state required by the offense.

2. A person is not relieved of criminal liability for conduct because he or she believes his or her conduct does not constitute an offense unless his or her belief is reasonable and:

(1) The offense is defined by an administrative regulation or order which is not known to him or her and has not been published or otherwise made reasonably available to him or her, and he or she could not have acquired such knowledge by the exercise of due diligence pursuant to facts known to him or her; or

(2) He or she acts in reasonable reliance upon an official statement of the law, afterward determined to be invalid or erroneous, contained in:

(a) A statute;

(b) An opinion or order of an appellate court; or

(c) An official interpretation of the statute, regulation or order defining the offense made by a public official or agency legally authorized to interpret such statute, regulation or order.

3. The burden of injecting the issue of reasonable belief that conduct does not constitute an offense under subdivisions (1) and (2) of subsection 2 of this section is on the defendant.

guilty of an offense unless he or she acts with a culpable mental state, . . . as the statute defining the offense may require with respect to the conduct, the result thereof or the attendant circumstances *which constitute the material elements of the crime.*"  Section 562.016.1.  (emphasis added).

As in *Younger*, the "knowingly" *mens rea* did not attach to whether Parrish knowingly broke the law.  Rather, there was sufficient evidence at trial that, after the Sheriff's notice to him of his obligation to register, Parrish "knowingly" resided in Bates County, and "knowingly" failed to register with the authorities.  Parrish was well aware of his prior conviction, he even testified that he studied his federal court judgment and commitment papers.  He knew that he resided in Bates County.  Further, he possessed knowledge of the requirement that he must register in his county of residence pursuant to the Bates County Sheriff's notice (and repeated reminders) to him, a notice he obviously received given that he sent the Sheriff a reply to same.  Parrish's beliefs as to the law's applicability to him were not sufficient to negate the "knowingly" *mens rea* with respect to each element of Parrish's failure to register charge.

Parrish also argues that his case is similar to *State v. Graham*, 549 S.W.3d at 533, and *State v. Wilder*, 457 S.W.3d 354 (Mo. App. S.D. 2015).  In *Graham*, this Court reversed a defendant's conviction for failure to register as a sex offender because that defendant's failure to register was not a knowing failure.  *Id.* at 538.  The *Graham* defendant's underlying sex offense was

committed in Iowa, where he was required to register as a sex offender upon his release from supervision. *Id.* at 534. In 2006, however, the Iowa Department of Public Safety notified the defendant that he was no longer required to register as a sex offender in Iowa. *Id.* Later, the defendant moved to Harrison County, Missouri. *Id.* at 535. The Harrison County Sherriff determined Graham was required to register as a sex offender under Missouri law. *Id.* Upon making this determination, the Sherriff informed the defendant that he was required to register as a sex offender in Missouri and, at the same time, arrested him for his failure to do so. *Id.* At the defendant's trial, the evidence established that the defendant was not aware of his Missouri registration requirement until the very moment he was arrested. *Id.* at 536. The defendant's conviction was reversed because the evidence did not establish that the defendant was aware of his obligation to register in Missouri at any point prior to the time of his arrest, meaning he could not have knowingly failed to register. *Id.* at 535, 538.

Likewise, in *Wilder*, the defendant had previously been convicted of forcible rape in California. *State v. Wilder*, 457 S.W.3d at 355. The defendant later moved to Missouri. *Id.* Then, in 2010, the defendant was arrested in Missouri, again for forcible rape. *Id.* At the time of his 2010 arrest, the officer informed him he was required to register as a sex offender for his California rape conviction, and thus he was also being charged with failing to register as a sex offender. *Id.* As in *Graham*, the *Wilder* court reversed the conviction

10

because the defendant was not aware of his obligation to register until the moment he was charged for failing to comply with that requirement. *Id.* at 356–57.

We find Parrish's reliance on *Graham* and *Wilder* misplaced. In those cases, no evidence was offered at trial which established that defendant had knowledge of the requirement to register until the moment he was arrested for failing to do so. Conversely, here, Parrish's trial testimony established that he became aware of his obligation to register as a sex offender when the Sherriff sent him a letter notifying him of same, well before his arrest. Parrish simply did not agree with Sheriff's pronouncement. Because Parrish was aware that he was obligated to register, regardless of whether he agreed with that requirement, his conviction is distinguishable from the convictions reversed in *Graham* and *Wilder*.

Based on the foregoing, we find that there was sufficient evidence to support the trial court's finding that Parrish's failure to register as a sex offender was committed knowingly.

Point I is denied.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

11